[Crim. No. 10827. Third Dist. May 6, 1981.]

THE PEOPLE, Plaintiff and Respondent, v.
CHARLES E. GRANDERSON, Defendant and Appellant.

COUNSEL

Thomas D. Kolpacoff, under appointment by the Court of Appeal, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Shirley A. Nelson and Joel Carey, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

EVANS, J.—Defendant, convicted of discharging a firearm at a vehicle (Pen. Code, § 246),[1] appeals. He does not challenge the propriety of his conviction under the evidence, but rather contends that as an in-custody defendant, he was denied the right to a preliminary hearing within 10 days of arraignment as required by section 859b.

On March 8, 1979, defendant was charged in complaint No. 3-8375 with certain crimes, including that of which he was ultimately convicted. He was arraigned and entered a not guilty plea on August 15, 1979. The preliminary examination was set for August 29, 1979, the 10th court day following. On the latter date the matter was called and the

---

[1] All code references are to the Penal Code.

prosecution, not prepared to proceed, asked for and received a two-day delay until August 31. On that date the prosecution requested and was granted a dismissal. A new complaint was then filed (No. 3-19188) charging the identical offenses. The preliminary hearing was conducted within the time limits required by section 859b, and an information thereafter was filed in the superior court.

Defendant made and argued a motion to set aside the information (§ 995), charging insufficient evidence and that the second filing and ensuing preliminary hearing were improper as the magistrate was not authorized to dismiss the first complaint, which would preclude filing the second complaint. The court agreed in part with the evidentiary challenge and dismissed one count, leaving the charge of which defendant was ultimately convicted. It rejected the challenge under section 859b. We agree.

Section 859b, prior to its amendment in 1980, provided in part, "Both the defendant and the people have the right to a preliminary examination at the earliest possible time, and unless both waive that right or good cause for a continuance is found as provided for in Section 1050, the preliminary examination shall be held within 10 court days of the date the defendant is arraigned or pleads, whichever occurs later. In no instance shall the preliminary examination be continued beyond 10 court days from such arraignment or plea whenever the defendant is in custody at the time of such arraignment or plea and the defendant does not personally waive his right to preliminary examination within such 10 court days."[2] (Stats. 1977, ch. 1152, § 1.)

---

[2]The Legislature, obviously aware of the confusion created by the decision in *People v. Peters* (1978) 21 Cal.3d 749 [147 Cal.Rptr. 646, 581 P.2d 651], the provisions of section 859b and the decisions in *Serrato v. Superior Court* (1978) 76 Cal.App.3d 459 [142 Cal.Rptr. 882], *Irving v. Superior Court* (1979) 93 Cal.App.3d 596 [155 Cal. Rptr. 654], and *Johnson v. Superior Court* (1979) 97 Cal.App.3d 682 [158 Cal.Rptr. 899], took steps legislatively to correct procedural faults perceived by the courts, by enacting an amendment to section 859b. As amended, section 859b provides in part, "Whenever the defendant is in custody at the time of the arraignment or plea, the magistrate shall dismiss the complaint if the preliminary examination is set or continued beyond 10 court days from the time of the arraignment or plea, unless either of the following occur:

"(a) The defendant personally waives his or her right to preliminary examination within the 10 court days.

"(b) The prosecution establishes good cause for a continuance beyond the 10-court day period. If the preliminary examination is set or continued beyond the 10-court day period, the defendant shall be released pursuant to Section 1318 unless the defendant is charged with a capital offense . . . .

"The magistrate shall dismiss the complaint if the preliminary examination is set or

Upon the expiration of the 10-day period without a time extension waiver from a defendant, he must be discharged by the magistrate pursuant to section 871. At the time of the present occurrence, the power of a magistrate to dismiss a complaint without prejudice to the People had been clouded by the decision in *People* v. *Peters, supra,* 21 Cal.3d 749. However, we view the essence of that decision as limited to consideration of the power of a magistrate to enter a dismissal in furtherance of justice pursuant to section 1385. In *Peters,* the trial court reasoned a dismissal was warranted because the matter had been twice dismissed by the magistrate and a third new charge filed, ultimately resulting in a grand jury indictment. The defendant argued to the trial court that the prior dismissal should have been considered with prejudice, thus barring further prosecution. The trial court agreed, the Supreme Court disagreed, and the order of dismissal was reversed. The *Peters* court determined that the magistrate, for purposes of the section 1385 dismissal, was not a trial court. We view the *Peters* decision as limited in its application to the question of a magistrate's power to enter dismissals of felony charges with prejudice pursuant to section 1385. ■ That decision in our view does not in any way impinge upon the power of the magistrate to dismiss a complaint either on motion of the People or for lack of evidence of probable cause. Such dismissals do not bar the People from refiling the same charges or from seeking an indictment. (*People* v. *Uhlemann* (1973) 9 Cal.3d 662, 664 [108 Cal.Rptr. 657, 511 P.2d 609]; *People* v. *Prewitt* (1959) 52 Cal.2d 330 [341 P.2d 1].) In *People* v. *Combes* (1961) 56 Cal.2d 135 [14 Cal.Rptr. 14, 363 P.2d 4], the defendant was arraigned on Friday; on the following Monday, he moved for an immediate preliminary hearing pursuant to then section 860. The court's calendar would not permit it; although the magistrate was willing to set the matter at the earliest possible date, the prosecution sought and received a dismissal of the complaint to avoid procedural error. The case then proceeded by indictment and resulted in conviction. The Supreme Court in upholding that conviction acknowledged the right of the People to seek and receive a dismissal of the complaint to avoid procedural error, and then to proceed upon the same charges by indictment or further complaint. The court said "The dismissal of an indictment, information or complaint charging a felony is not a bar to another prosecution for the same offense." (*Id.,* at p. 145.) In this instance, the dismissal of the first complaint (No. 3-8375) put

---

continued more than 60 days from the date of the arraignment or plea, unless the defendant personally waives his or her right to a preliminary examination within the 60 days."

an end to it as effectively as though it had not been filed. (*People* v. *MacCagnan* (1954) 129 Cal.App.2d 100, 112-113 [276 P.2d 679]; *People* v. *Vacca* (1955) 132 Cal.App.2d 8, 9 [281 P.2d 315].) *Irving* v. *Superior Court, supra*, 93 Cal.App.3d 596, and *Serrato* v. *Superior Court, supra*, 76 Cal.App.3d 459, relied upon by the defendant in support of his assertion that the dismissal of the first complaint was precluded by *People* v. *Peters, supra*, 21 Cal.3d 749, thereby requiring reversal of his conviction, are not legally helpful. They are factually inapposite to the procedural posture of this case.

The judgment is affirmed.

Puglia, P. J., and Reynoso, J., concurred.