[L.A. No. 31305. Oct. 8, 1981.]

WALTER LANDRUM, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Wilbur F. Littlefield, Public Defender, Dennis A. Fischer, Stephen F. Moeller and Dean R. Gits, Deputy Public Defenders, for Petitioner.

Quin Denvir, State Public Defender, Charles M. Bonneau, Deputy State Public Defender, Jeff Brown, Public Defender (San Francisco), Peter G. Keane, Chief Attorney, Ernest Gonzalez, Deputy Public Defender, and Ephriam Margolin as Amici Curiae on behalf of Petitioner.

No appearance for Respondent.

John K. Van de Kamp, District Attorney, Harry B. Sondheim and Richard W. Gerry, Deputy District Attorneys, for Real Party in Interest.

## OPINION

BIRD, C. J.—May an individual be legally held to answer on a felony charge after successive complaints charging identical offenses were filed against him and his preliminary examination was not held within the statutory 10 court days of his in-custody arraignment on the first complaint?

### I.

On January 28, 1980, petitioner was arrested for a violation of Penal Code section 459 (burglary).[1] On January 31st, while still in custody, he was arraigned on a felony complaint charging him with burglary and he pleaded not guilty. The public defender was appointed to represent him and a preliminary examination was scheduled for February 14th. Petitioner, unable to post bail, remained in custody.

On February 14th, the date set for the preliminary examination, the prosecutor announced that he was unable to proceed. The magistrate then purported to "dismiss" the complaint and to "discharge" the petitioner. The district attorney immediately filed a new felony complaint charging the same offense as the prior complaint. Petitioner was arrested on the new complaint before being released from custody on the "dismissed" complaint. The next day, February 15th, petitioner was arraigned on the second complaint and pleaded not guilty. A preliminary hearing was set for February 29th.

On February 29th, petitioner moved to dismiss the charges, claiming that the magistrate had no jurisdiction to hold a preliminary examination more than 10 days after his first arraignment and plea. That motion was denied, and the preliminary hearing was held. Petitioner was held to answer on the burglary charge.

After his arraignment in superior court, petitioner moved to set aside the information pursuant to section 995 on the ground that he had not

---

[1] Unless otherwise indicated, all statutory references are to the Penal Code.

been legally committed by a magistrate.[2] He contended that a magistrate could not legally commit a defendant after a preliminary hearing which was held in violation of the 10-court-day time limit of section 859b,[3] and that the time limit was violated in his case when his preliminary hearing was held more than 10 court days after his first arraignment and plea. This motion was denied. Petitioner now seeks a writ of prohibition to prevent further prosecution on the burglary information.

## II.

Former section 859b, the statute in effect at the time,[4] provided in part that a preliminary examination must be held within 10 court days of a defendant's arraignment or plea, whichever occurred later. "*In no instance*" was the preliminary examination to be continued more than 10 days after arraignment or plea when the defendant was in custody, unless the defendant personally waived the time limit. (Former § 859b, italics added.)

---

[2]Section 995 provides in pertinent part that an information "must be set aside by the court in which the defendant is arraigned, upon his motion, ... [when] before the filing thereof the defendant had not been legally committed by a magistrate."

[3]Prior to January 1, 1981, section 859b provided in pertinent part: "Both the defendant and the people have the right to a preliminary examination at the earliest possible time, and unless both waive that right or good cause for a continuance is found as provided for in Section 1050, the preliminary examination shall be held within 10 court days of the date the defendant is arraigned or pleads, whichever occurs later. In no instance shall the preliminary examination be continued beyond 10 court days from such arraignment or plea whenever the defendant is in custody at the time of such arraignment or plea and the defendant does not personally waive his right to preliminary examination within such 10 court days."

[4]Comprehensive statutory reform delineating a magistrate's powers to dismiss became effective January 1, 1981. (Stats. 1980, ch. 938, No. 7 West's Cal. Legis. Service, pp. 3190-3194; No. 5 Deering's Adv. Legis. Service, pp. 399-403.)

The legislative amendments made five related sets of changes in the Penal Code. First, sections 1384, 1385 and 1387, which had formerly authorized dismissals in certain situations by the "court," were amended to explicitly authorize such dismissals by a "judge or magistrate." (Stats. 1980, ch. 938, §§ 6-8, No. 7 West's Cal. Legis. Service, pp. 3193-3194.) Second, the rule that two dismissals bar further prosecution on a felony charge was expanded to include dismissals pursuant to sections 859b, 861, 871 and 995, as well as sections 1381-1388. (*Id.*, § 8, at pp. 3193-3194.) Third, section 871, which formerly authorized the magistrate to "discharge" a defendant after hearing proofs which are insufficient, was amended to authorize discharge of the defendant *and* dismissal of the complaint. (*Id.*, § 3, at p. 3192.) Fourth, the 10-day time limit of section 859b and the requirement in section 861 that a preliminary examination be held at one court session were both amended to compel the magistrate to dismiss the complaint and discharge the defendant if either section is violated, except in certain narrow situations. (*Id.*, §§ 1-2, at pp. 3191-3192.) The amendments to both sections provide that if

A violation of this time limit rendered the resulting commitment of the defendant illegal. ■ "It is settled that denial of a substantial right at the preliminary examination renders the ensuing commitment illegal and entitles a defendant to dismissal of the information on timely motion. [Citations.]" (*People* v. *Pompa-Ortiz* (1980) 27 Cal.3d 519, 523 [165 Cal.Rptr. 851, 612 P.2d 941].)[5] The language of section 859b is "plain and mandatory" and creates an "absolute right in favor of persons in custody charged with felonies to have the preliminary examination commenced within 10 court days . . . ." (*Serrato* v. *Superior Court* (1978) 76 Cal.App.3d 459, 464-465 [142 Cal.Rptr. 882].)[6] If the 10-court-day period was applicable and was violated, the commitment by the magistrate was not legal and an information based on a tardy preliminary examination had to be dismissed on the defendant's motion pursuant to section 995. (*Serrato, supra; Irving* v. *Superior Court* (1979) 93 Cal.App.3d 596 [155 Cal.Rptr. 654].)

It is conceded by the prosecution, the real party in interest in this writ proceeding, that the petitioner did not waive his right to a preliminary examination within 10 court days of his in-custody arraignment and plea. Similarly, it is clear that his preliminary examination was held more than 10 court days from his arraignment and plea on the *first* complaint.

---

the district attorney shows good cause, an in-custody defendant's preliminary hearing can be held outside the time limits—but the defendant must be released from custody on his own recognizance, unless he is charged with a capital case in which the proof is evident and the presumption great. (*Ibid.*) Finally, the amendments add a new section to the Penal Code, section 871.5, providing a means by which the district attorney can appeal a magistrate's order to dismiss an action pursuant to sections 859b, 861, 871, or 1385. (*Id.*, § 4, at p. 3192.)

This statutory reform has cleared up the procedural problems which followed this court's decision in *People* v. *Peters* (1978) 21 Cal.3d 749 [147 Cal.Rptr. 646, 581 P.2d 651]. (See discussion, *infra.*) However, the new enactment was not in effect during the preliminary examination stage of the instant case, and therefore, the statutes must be construed and applied as they read at that time. (See § 3.)

[5]*Pompa-Ortiz* additionally held that irregularities in the preliminary examination are properly attacked through petition for a pretrial extraordinary writ, although they do not require reversal after trial unless the errors involved "fundamental jurisdiction" or were prejudicial. (27 Cal.3d at p. 529.)

[6]*Serrato* was based upon a prior version of section 859b. That section formerly read that a defendant who was in custody at his arraignment or plea to the felony complaint had a right to a preliminary examination within 10 court days of arraignment or plea. In contrast, the statute in effect at the time of petitioner's preliminary examination contained stronger language as a result of a 1977 amendment which added that "in no instance" could the examination be continued beyond 10 court days if the defendant was in custody at the arraignment or plea, unless the defendant personally waived time. (See Stats. 1977, ch. 1152, § 1, pp. 3698-3699.)

The issue can thus be narrowly stated. ■ May the starting point for calculation of the 10-court-day period be petitioner's first arraignment, or did the magistrate's dismissal of the first complaint render the arraignment on the second complaint the appropriate starting point?

Both parties seek in their arguments to reconcile the statutory scheme for disposition of felony complaints with this court's decision in *People* v. *Peters, supra*, 21 Cal.3d 749. In that case, this court held that a magistrate was not authorized to dismiss a felony complaint pursuant to section 1385.[7] Petitioner relies upon *Peters* to contend that the magistrate had no authority to dismiss the first complaint, and that the purported dismissal was void and left the first arraignment date as the controlling date for the commencement of the 10-court-day period. (*Johnson* v. *Superior Court* (1979) 97 Cal.App.3d 682 [124 Cal.Rptr. 32, 539 P.2d 792]; *Carraway* v. *Superior Court* (1981) 118 Cal.App.3d 150 [172 Cal.Rptr. 453].) The prosecution contends that section 871, which authorizes a magistrate to "discharge" a defendant after hearing a preliminary examination in which insufficient evidence is presented, can be read to authorize a dismissal even if no evidence is presented. After this dismissal, the prosecutor claims, a new complaint can be filed and the arraignment on that complaint starts the 10-court-day period running anew.

Consideration of each party's contentions leads to one conclusion— that each is untenable and leads to results that cannot have been intended by the Legislature. Petitioner's rationale leads inexorably to an absurd procedure whereby once the 10-court-day limit has been exceeded, there is no procedure by which the magistrate can terminate the action without holding an untimely preliminary examination, from

---

[7]In *Peters*, this court in a four-to-three decision held that two dismissals of a felony complaint by a magistrate did not bar further prosecution. Peters had obtained dismissals in two separate preliminary examinations relating to the same alleged criminal transaction when the prosecutor in each had refused to comply with the magistrate's order to reveal the identity of a material witness. When the prosecutor then successfully obtained an indictment from a grand jury, Peters moved for dismissal of the indictment on the ground that further prosecution was barred by section 1387. Section 1387 then provided that a dismissal pursuant to that chapter of the Penal Code (pt. 2, tit. 10, ch. 8 (§§ 1381-1388)) barred further prosecution if the offense were a felony and the action had been previously dismissed pursuant to that chapter. The majority in *Peters* held that further prosecution was not barred because section 1385, the only section in that chapter which could have authorized the magistrate's dismissals, authorized dismissals in furtherance of justice by a "court," and a magistrate was not a court within the meaning of section 1385. (But see dis. opn. of Mosk, J., 21 Cal.3d at pp. 753-761.)

which any holding order would be vulnerable to a defendant's motion to dismiss in superior court. The prosecution's position is premised on a strained reading of section 871, and would negate the policy of section 859b that prolonged prepreliminary examination incarceration should be prevented. To reach a construction of the several relevant statutes that permits the effectuation of policies outlined in each statute, it is necessary, as amici curiae contend, to reexamine *Peters.*

Petitioner argues that his arraignment on the first complaint is the correct date for computing whether he was afforded a preliminary examination within the time limits of section 859b. Petitioner's theory is that the magistrate's dismissal of the first action, after the prosecutor was unable to proceed on the tenth court day following arraignment, was not authorized by section 1385 or by section 871. Therefore, it was a nullity.

Petitioner assumes that a valid order of dismissal of one felony complaint is a prerequisite for a subsequent valid arraignment on a second complaint in order to begin a new ten-court-day period. In petitioner's scenario, his first arraignment is the only valid arraignment date from which to measure the 10-court-day period. Since his preliminary examination was held 19 court days after that arraignment, petitioner contends that he was denied a substantial right and is entitled to a dismissal of the information.

While the prosecution's counterattempt to find statutory authorization in section 871 for the magistrate's dismissal of the first complaint is unpersuasive (see discussion, *infra*), petitioner's chain of reasoning leads to an absurd and unacceptable mode of procedure in the disposition of felony complaints in situations where the 10-court-day limit has been violated. The premise that a magistrate cannot validly dismiss a felony complaint once the 10-court-day limit has been exceeded leads to the conclusion that the only remedy for violation of section 859b is a superior court dismissal.[8] If a valid superior court dismissal is a prerequisite for the refiling of a complaint by the prosecution, then an untimely preliminary examination must be held for the purpose of obtaining a holding order, so that an information can be filed in superior court. That information would be vulnerable to a dismissal motion by defendant (*Serrato* v. *Superior Court, supra,* 76 Cal.App.3d 459), but

---

[8]*Simmons* v. *Municipal Court* (1980) 109 Cal.App.3d 15 [167 Cal.Rptr. 608], which held that a petition for writ of habeas corpus in the superior court would be an alternative remedy in this situation, is discussed *infra.*

with the valid superior court dismissal order, the prosecution could finally recommence.[9]

This procedure has obviously deleterious consequences. It requires a preliminary examination to be conducted in a situation where it is known that any holding order coming from the examination will be tainted and the information subsequently filed will be subject to dismissal. In short, a useless examination would be held, one that would ultimately have to be repeated if another attempt at prosecution were made. This would result in a waste of prosecutorial and judicial resources, as well as a disservice to witnesses who would be repeatedly called, and most ironically a denial of speedy justice to the incarcerated defendant. (See *Carraway* v. *Superior Court, supra*, 118 Cal.App.3d at pp. 152-153.) As was said in a different context, "[t]he intent to create such an illogical and confusing scheme cannot be attributed to the Legislature. In fact, it is a duty of the courts to construe statutes so as to avoid such an absurd result, if possible...." (*Interinsurance Exchange* v. *Ohio Cas. Ins. Co.* (1962) 58 Cal.2d 142, 153 [23 Cal.Rptr. 592, 373 P.2d 640] and cases cited.)

Petitioner further contends that a discharge from custody must be made pursuant to section 871 once the 10-court-day period has been exceeded.[10] Even if this contention were correct, the language of section 859b still compels the conclusion that a preliminary examination afforded to a defendant released from custody after the expiration of the 10-court-day period is unlawful. (See *Irving* v. *Superior Court, supra*, 93 Cal.App.3d at p. 599; *Carraway* v. *Superior Court, supra*, 118 Cal.App.3d at pp. 153-154.) Thus, even if section 871 were construed to compel the release of defendants who had not been afforded preliminary examinations within the statutory period, only by ignoring the plain language of section 859b could a later preliminary examination on the same complaint be held to be in compliance with the section 859b time limit. That mandatory limit is triggered by the custodial status of the defendant "at the time of such arraignment or plea" (§ 859b) and not by the custodial status at the time of examination.

---

[9]It should be noted that in contending that he is entitled to a dismissal of this information, petitioner does not seek a dismissal with prejudice or contend that further prosecution would be barred. (See former § 1387.)

[10]In this court (in contrast to the theory presented to the Court of Appeal) petitioner asserts that a discharge pursuant to section 871 is mandatory when the prosecution is unable to proceed within the 10-day period. Petitioner contends, however, that "discharge" means only a release from custody, not a dismissal of the complaint. In support

In a review of petitioner's creative but unsuccessful attempts to effectuate the policies of section 859b in a manner consistent with the holding in *Peters, Simmons* v. *Municipal Court, supra,* 109 Cal.App.3d 15, is noteworthy. In that case, the Court of Appeal, recognizing that "[w]ith the sudden advent of *Peters,* a legislative void has been created" (*id.,* at p. 27), held that the magistrate was unable after *Peters* to terminate the felony proceedings after a section 859b violation, but that an in-custody defendant could seek relief by way of petition for writ of habeas corpus in the superior court. Unacceptable consequences also accompany this mode of remedying section 859b violations. As was held in *In re Geer* (1980) 108 Cal.App.3d 1002, 1007 [166 Cal.Rptr. 912], yet another case spawned by the *Peters* holding,[11] placing a burden on a defendant to seek relief by way of writ is a procedure "not only time-consuming and costly to the defendant but one that sanctions delay and unnecessary restraint on the defendant's liberty pending a ruling thereon, and creates an unjustified addition to the judicial case load of already overburdened superior and appellate courts."

The district attorney argues that section 859b was not violated in the instant case because the preliminary examination was held within 10 court days of petitioner's arraignment on the second complaint. The dismissal of the first complaint was authorized, he claims, by section 871, which provided at the time of the purported dismissal that "[i]f, after hearing the proofs, it appears either that no public offense has been committed or that there is not sufficient cause to believe the defendant guilty of a public offense, the magistrate must order the defendant to be discharged . . . ."

of the argument that the term "discharge" does not include within it the power of dismissal, petitioner cites a consistent pattern of usage in various Penal Code sections in which the term "dismissal" is used in the same statute with "discharge" to provide separately for, respectively, a termination of the action and a release of a prisoner from custody. (See §§ 997, 1008, 1262, 1384.) For reasons detailed, *infra,* it is error to construe section 871 to authorize a discharge in a situation where no evidence has been heard. (*Coleman* v. *Superior Court* (1981) 116 Cal.App.3d 431 [172 Cal.Rptr. 135]; *Simmons* v. *Municipal Court, supra,* 109 Cal.App.3d 15.)

[11]*In re Geer, supra,* involved a defendant who was charged with possession of cocaine after he had been previously convicted of misdemeanor marijuana possession stemming from the same arrest. Geer sought to demur to the felony complaint on the ground that he was being subjected to multiple prosecution, only to have the magistrate decide that there was no jurisdiction to hear the demurrer. The magistrate transferred the cause to the superior court for further proceedings on the demurrer. Geer petitioned the Court of Appeal for a writ to compel the magistrate to entertain and grant the demurrer. (See *Geer, supra,* at pp. 1009, 1013 for cogent criticism of the *Peters* decision.) The Court of Appeal issued a writ directing the magistrate to hear and rule upon the demurrer, rejecting the contention that relief by way of writ of habeas corpus was the proper remedy for a demurrable felony complaint.

Initially, it should be noted that the same argument has been considered and rejected in two Court of Appeal cases, *Coleman* v. *Superior Court, supra*, 116 Cal.App.3d 431; and *Simmons* v. *Municipal Court, supra*, 109 Cal.App.3d 15.[12] ■ *Coleman* and *Simmons* held that the language of section 871, authorizing a discharge only "after hearing the proofs," could not reasonably be interpreted to apply to a situation in which the prosecution had not offered any proof.[13] In *Johnson* v. *Superior Court, supra*, 97 Cal.App.3d at page 685, the Attorney General in fact "concede[d] that Penal Code section 871 does not authorize a discharge until after proofs have been heard. [Fn. omitted.]"

Even more fatal to the prosecutor's argument than this questionable statutory interpretation is the practical consequence of its adoption. Quite simply, section 859b and its underlying policies would be rendered a dead letter. Under the prosecution's theory, section 859b does not place any effective limits upon prepreliminary examination incarceration. At the end of each 10-court-day period, a discharge could be obtained, a new complaint filed, and a new 10-court-day period would begin. Section 859b would be reduced to a requirement that certain paperwork formalities, in the form of dismissals and refilings, be completed while the defendant remains indefinitely incarcerated without a judicial determination as to whether evidence exists to establish probable cause to believe the defendant guilty of any felony.[14]

This result is totally inconsistent with the legislative policies which are evident in section 859b. The fact that the 10-court-day deadline applies only to persons in custody at the time of their arraignment or plea, whichever is later, has been held to "manifest[] a legislative policy to eliminate the possibility that persons charged with felonies might suffer prolonged incarceration without a judicial determination of probable

---

[12]The construction of section 871 advanced by the prosecutor is also questionable on the grounds that in many other Penal Code sections, the terms "dismissal" and "discharge" are used in the same statute to refer to two different types of judicial action. (See fn. 9, *ante.*) This undermines the unarticulated premise in the prosecution's argument that discharge as used in section 871 necessarily includes a power to dismiss.

[13]To the extent that *People* v. *Granderson* (1981) 118 Cal.App.3d 907 [173 Cal. Rptr. 685] is inconsistent with the views expressed in *Coleman* and *Simmons*, it is disapproved.

[14]A preliminary examination procedure that permitted seemingly limitless prepreliminary examination detention without a judicial determination of probable cause would also raise serious constitutional issues. (See *In re Walters* (1975) 15 Cal.3d 738, 752, fn. 8 [126 Cal.Rptr. 239, 543 P.2d 607]; *Gerstein* v. *Pugh* (1975) 420 U.S. 103 [43 L.Ed.2d 54, 95 S.Ct. 854]; see also *Simmons* v. *Municipal Court, supra*, 109 Cal.App. 3d at p. 23.)

cause merely because they are unable to post bond in order to gain their freedom." (*Serrato* v. *Superior Court, supra,* 76 Cal.App.3d at p. 465.)

The history of the statute illustrates the strong legislative purpose which underlies it. Prior to 1970, there was no statutory time limit. A preliminary examination merely had to be held without unreasonable delay. (See *People* v. *Du Bose* (1970) 10 Cal.App.3d 544, 550 [89 Cal. Rptr. 134].) In 1970, the Legislature added a specific time limit, providing that a defendant who was in custody at the time of his arraignment or plea had a right to a preliminary examination within 10 court days of such arraignment or plea. (Stats. 1970, ch. 1371, § 1, p. 2537.) The time limit was further strengthened in 1977, when the Legislature rewrote the statute to specify that the district attorney, as well as the defendant, had a right to a speedy preliminary examination. The 10-court-day rule could be violated "in no instance" where it was applicable. (Stats. 1977, ch. 1152, § 1, pp. 3698-3699.)

■ In construing statutes, this court is required to interpret them in a manner calculated to give effect to the intent of the Legislature. (*People* v. *Ruster* (1976) 16 Cal.3d 690, 696 [129 Cal.Rptr. 153, 548 P.2d 353, 80 A.L.R.3d 1269].) Section 859b reflects a clear legislative intention to prevent prolonged incarceration prior to a preliminary hearing. This legislative intent must be respected and, for that reason, the prosecution's contentions must be rejected.

■ In a review of the contentions of both parties, contentions which have the *Peters* decision as their starting premise, one is led ineluctably to question the soundness of that decision. The comments of the Courts of Appeal that have attempted to grapple with the difficulties of effectuating section 859b while following *Peters* should not be ignored. (See *Johnson* v. *Superior Court, supra,* 97 Cal.App.3d at p. 685 ["the dilemma into which magistrates and defendants have been placed by the *Peters* holding"]; *Simmons* v. *Superior Court, supra,* 109 Cal.App.3d at p. 25 ["the procedural morass created by *Johnson* v. *Superior Court, supra,* and *People* v. *Peters*"]; *Coleman* v. *Superior Court* (1981) 116 Cal.App.3d 431, 436 [172 Cal.Rptr. 135] ["the void created by *Peters*"]; *Carraway* v. *Superior Court, supra,* 118 Cal.App.3d at p. 152 ["*Peters* created problems which have subsequently beset prosecutors, defendants and the courts"].)

In *Peters,* four members of this court decided that magistrates were not authorized to make dismissals in the furtherance of justice pursuant

to section 1385. The opinion stated that "[o]ur sole concern now is the exact meaning of 'court.' ... because the authority conferred by section 1385 extends only to a court." (*People* v. *Peters, supra*, 21 Cal.3d at p. 751.) In reliance on certain legislative recommendations formulated in 1949 by Judge Hartley Shaw, the opinion concluded that the term "court" was restricted to tribunals with trial jurisdiction and thus excluded magistrates.

Even without any reference to the disastrous impact of this decision upon the implementation of section 859b, Justice Mosk in dissent subjected the majority's opinion to a penetrating and unanswered critique. (*People* v. *Peters, supra*, 21 Cal.3d at pp. 753-761 (dis. opn. of Mosk, J.).) The dissent pointed out that conclusions drawn by the majority from Judge Shaw's study were not compelled and that there was no indication that the Legislature ever intended to adopt this hypertechnical interpretation of the word "court." (*Id.*, at pp. 754-755.) The statutory history of the amendments to section 1385 was examined and it was found to demonstrate an intent to extend the section 1385 dismissal power to all stages of a criminal proceeding, including the initial stages which occur before a magistrate. (*Id.*, at p. 755.) The dissent cited other Penal Code sections which use the term "court" in contexts which clearly indicate an intent to refer to magistrates as well. (*Id.*, at pp. 755-756, citing §§ 1388, 1383, 859, 859a, 868 and 1002.)

It was also noted that a series of decisions from this court and the Court of Appeal, stretching back over 25 years, had either assumed the existence of a magistrate's power to dismiss pursuant to section 1385 and section 1381 or used the term "court" to refer to a magistrate in the context of a section 1385 dismissal. (*Id.*, at pp. 756-758, citing *People* v. *Orin* (1975) 13 Cal.3d 937 [120 Cal.Rptr. 65, 533 P.2d 193]; *People* v. *Uhlemann* (1973) 9 Cal.3d 662 [108 Cal.Rptr. 657, 511 P.2d 609]; *People* v. *Godlewski* (1943) 22 Cal.2d 677 [140 P.2d 381]; *People* v. *Superior Court* (*Mowry*) (1971) 20 Cal.App.3d 684 [97 Cal. Rptr. 866]; *People* v. *Curtiss* (1970) 4 Cal.App.3d 123 [84 Cal.Rptr. 106]; *Arnold* v. *Williams* (1963) 222 Cal.App.2d 193 [35 Cal.Rptr. 35]; and *People* v. *MacCagnan* (1954) 129 Cal.App.2d 100 [276 P.2d 679].)[15]

---

[15]In addition, *Horner* v. *Superior Court* (1976) 64 Cal.App.3d 638 [134 Cal.Rptr. 607] had expressly rejected the contention that magistrates lacked authority under section 1385 to dismiss and was therefore disapproved by *Peters*. (*People* v. *Peters, supra*, 21 Cal.3d at p. 753.)

Other statutory and constitutional policies were also cited by the dissent in *Peters* in support of the magistrate's power of dismissal. The policies against prosecutorial harassment and forum shopping, embodied in the section 1387 bar against further prosecution after two dismissals, militated against the majority's construction. (*Id.,* at pp. 758-759; see also dis. opn. of Bird, C. J., *id.,* at pp. 761-762.) The inevitable impact of the majority's decision upon constitutional and statutory speedy trial protection was also noted. (*Id.,* at p. 759.) Thus, the correctness of *Peters,* even within the narrow analytical framework employed, was extremely questionable at the time the decision was announced.

What makes the repudiation of *Peters* inescapable at this point is the impossibility of effectuating section 859b and reconciling it with section 871 if *Peters* is followed. ■ In that respect, we should follow, even if somewhat belatedly, a cardinal rule of statutory construction, that "every statute should be construed with reference to the whole system of law of which it is a part so that all may be harmonized and have effect. [Citations.]" (*Stafford* v. *Realty Bond Service Corp.* (1952) 39 Cal.2d 797, 805 [249 P.2d 241]; *Stafford* v. *L. A. etc. Retirement Board* (1954) 42 Cal.2d 795, 799 [270 P.2d 12]; *Select Base Materials* v. *Board of Equal.* (1959) 51 Cal.2d 640, 645 [335 P.2d 672]; *People* v. *Ruster, supra,* 16 Cal.3d at p. 696.) If *Peters* were reaffirmed, this court would be presented with the alternative of either rendering section 859b a dead letter or sanctioning a wasteful procedure in which a useless and untimely preliminary examination must be held. ■ Rather than sacrifice legislative policies or create absurd procedures, this court recognizes the error of *Peters* and overrules it.

Once the power of a magistrate to exercise section 1385 dismissal authority is acknowledged, the various statutes relevant to felony complaint disposition can be harmonized and their policies accommodated within a rational statutory framework. If the 10-court-day limit of section 859b is violated, a magistrate may terminate the action by dismissing it pursuant to section 1385. While the prosecution may then be recommenced by the filing of a new complaint, a limit to prepreliminary examination incarceration is established by the operation of section 1387, which would bar further prosecution if the prosecutor were again unable to proceed within the 10-court-day period against an incarcerated defendant who has not waived time.[16]

---

[16]The concurring and dissenting opinion claims that it is unnecessary to overrule *Peters* because "until the 1980 legislation took effect, neither section 859b nor 871

### III.

Since the magistrate had the authority to dismiss the first complaint pursuant to section 1385, that dismissal effectively terminated action on the first complaint. Since petitioner received his preliminary examination within 10 court days of his arraignment and plea on the second complaint, there was no violation of section 859b and petitioner was legally committed by the magistrate. Petitioner's motion to dismiss the information was correctly denied.

The alternative writ is discharged and the petition for a peremptory writ of prohibition is denied.

Mosk, J., Feinberg, J.,* and Newsom, J.,* concurred.

**TOBRINER, J.,** Concurring and Dissenting.—I join the majority's holding that since defendant received a preliminary examination within 10 court days of his rearraignment, that hearing complied with the time limits of section 859b; thus the court below correctly denied his motion to dismiss. I disagree, however, with the majority's assertion that the power of a magistrate to discharge a defendant under section 871 is limited to a case in which the prosecution presents some but inadequate proof of probable cause. I believe that the magistrate's power under that section should extend also to a case, such as the present one, in which the prosecution presents no proof whatever at the preliminary hearing. Thus I would conclude that the magistrate did not err when he granted defendant's motion for a section 871 discharge after the prosecution announced its inability to proceed at the first preliminary hearing.

---

protected defendant against multiple refiling of charges." (Conc. and dis. opn., at p. 19, fn. 6.) This statement ignores the well-known fact that, prior to *Peters*, magistrates routinely entered dismissals pursuant to section 1385 when section 859b time limits were violated. *Carraway* v. *Superior Court, supra*, 118 Cal.App.3d at page 152 summarized this practice: "The system worked until 1978 [when *Peters* was decided]. On the widespread assumption that a magistrate was a 'court' within the meaning of section 1385, magistrates dismissed an action, pursuant to section 1385, when defendants were denied their right to a preliminary examination within 10 court days." When two dismissal orders were entered by magistrates pursuant to section 1385, section 1387 was held, prior to *Peters*, to bar further refilings. (*Horner* v. *Superior Court, supra*, 21 Cal.3d at p. 753.) Thus section 859b, in conjunction with sections 1385 and 1387, did operate to bar endless refilings prior to *Peters*.

*Assigned by the Chairperson of the Judicial Council.

That discharge in itself suffices to authorize the prosecution to file a second complaint. Moreover, past cases demonstrate that when a defendant is rearraigned after a section 871 discharge, a new preliminary hearing is timely if held within 10 court days of the rearraignment. Consequently, it is not necessary for us to overrule *People* v. *Peters* (1978) 21 Cal.3d 749 [147 Cal.Rptr. 646, 581 P.2d 651] in order to reach the conclusion that defendant received a timely preliminary hearing and thus to sustain the superior court's ruling denying defendant's motion to dismiss.

Section 859b requires that "the preliminary hearing shall be held within 10 court days of the date defendant is arraigned."[1] As defendant recognizes, however, under section 859b the failure to hold a preliminary hearing within 10 days of a defendant's initial arraignment does not forever bar the prosecution from proceeding on the underlying charge against the defendant. In this regard, defendant explicitly acknowledges that if the original proceedings against him had properly been dismissed, the prosecution would have been free to refile the identical burglary charge and, in that event, the 10-day period of section 859b would have begun to run anew upon his rearraignment.

Defendant claims, however, that the time period did not begin to run anew in this case because the original information was never lawfully dismissed. Defendant points out that whereas the current version of section 859b specifically authorizes the magistrate to dismiss an action for failure to provide a timely preliminary hearing, former section 859b contained no such explicit authority. Citing *People* v. *Peters, supra*, 21 Cal.3d 749, which held that a magistrate was not authorized to dismiss an action "in the furtherance of justice" under section 1385 as it then read,[2] defendant argues that prior to the 1980 statutory revisions a magistrate similarly lacked authority to dismiss an action for failure to comply with the 10-day limit of section 859b.[3]

---

[1]The relevant paragraph of section 859b reads as follows: "Both the defendant and the People have the right to a preliminary examination at the earliest possible time, unless both waive that right or good cause for a continuance is found as provided for in Section 1050, the preliminary examination shall be held within 10 court days of the date the defendant is arraigned or pleads, whichever occurs later." The 1980 revision of section 859b did not amend this language.

[2]Section 1385, prior to the 1980 revisions, provided that "The court may, either of its own motion or upon the application of the prosecuting attorney, and in the furtherance of justice, order an action to be dismissed." *Peters* held that a magistrate was not a "court" within the meaning of this section.

[3]At this point the defendant becomes entangled in his own reasoning. At the preliminary hearing on February 29, defendant moved to dismiss the action on the theory that

Defendant relies on Court of Appeal decisions which hold that a rearraignment following an invalid dismissal does not start the 10-day period of section 859b running anew. (*Carraway* v. *Superior Court* (1981) 118 Cal.App.3d 150 [172 Cal.Rptr. 453]; *Simmons* v. *Municipal Court* (1980) 109 Cal.App.3d 15 [167 Cal.Rptr. 608]; *Johnson* v. *Superior Court* (1979) 97 Cal.App.3d 682 [158 Cal.Rptr. 899]; *Coleman* v. *Superior Court* (1981) 116 Cal.App.3d 431, 436 [172 Cal.Rptr. 135] (dictum).) Defendant's contention, however, fails to accord proper significance to the fact that, when the prosecution indicated on February 14 that it was unable to proceed on the initial information, the magistrate entered an order which not only purported to "dismiss" that information but also to "discharge" the defendant. As we shall see, even if the magistrate lacked formal authority to dismiss the information, he did have the authority to discharge the defendant, and numerous cases demonstrate that a rearraignment after such a discharge commences the period of section 859b anew.

Section 871, a provision that has been a part of California preliminary examination procedures for more than a century, explicitly grants a magistrate authority to discharge a defendant when the prosecution fails to present sufficient proof at the preliminary hearing to warrant binding him over for trial.[4] Seizing upon statutory language that the magistrate may discharge the defendant "after hearing the proofs," three Court of Appeal decisions declare that section 871 applies only to cases in which the prosecution presents some, but inadequate, proof, and is inapplicable when as in the present case the prosecutor presents no proof whatsoever. (*Coleman* v. *Superior Court, supra,* 116 Cal. App.3d 431, 437; *Simmons* v. *Municipal Court, supra,* 109 Cal.App.3d 15, 22; *Johnson* v. *Superior Court, supra,* 97 Cal.App.3d 682, 685.)

In my opinion, however, such a restrictive interpretation of section 871 is inconsistent with the purpose of that section. Section 871 serves to protect a defendant against whom the prosecutor presents insufficient

---

the hearing was untimely under section 859b. Since he now claims that the magistrate lacked authority to dismiss the action, he cannot posit error on the magistrate's denial of that motion. Thus defendant must now argue that the superior court erred in failing to grant his motion under section 995 following the preliminary hearing even though he can point to no error by the magistrate in conducting that hearing.

[4]Section 871, prior to its revision in 1980, read as follows: "If, after hearing the proofs, it appears either that no public offense has been committed or that there is not sufficient cause to believe the defendant guilty of a public offense, the magistrate must order the defendant to be discharged...."

evidence to warrant holding the defendant for trial. If the prosecutor presents no evidence at all, the prosecution evidence is, a fortiori, insufficient. It would be senseless to hold that in such a case the magistrate cannot discharge the defendant, but that he could do so if the prosecution merely presented a scintilla of inadequate or irrelevant evidence.

Moreover, an expansive interpretation of section 871—permitting the magistrate to discharge a defendant when the prosecution has not presented adequate proof at a timely hearing—finds additional support from the consideration that the alternative view advanced by defendant would lead to an anomalous procedural quagmire. If a magistrate had no power to discharge a defendant when the prosecution refused to proceed within the 10-day limit of section 859b, there would be no means consistent with *People v. Peters, supra*, by which the magistrate could proceed with the case except by holding an untimely preliminary hearing in violation of section 859b. Furthermore, on the occasion of this untimely hearing the magistrate could not discharge the defendant unless the prosecution obliged him by going through the motions of attempting to prove probable cause, even though it would be clear that any finding of probable cause would be fatally tainted by the untimely nature of the hearing. As the Court of Appeal stated in *Guerrero v. Superior Court* (5 Civ. No. 5495): "We do not believe that the Legislature could have intended or that logic, reason or public policy requires such circumventing gamesmanship when the result can be accomplished more directly by simply recognizing that the magistrate has authority to discharge a defendant when no proof at all is presented by the prosecution upon the preliminary hearing."[5]

The majority opinion escapes this procedural quagmire by overruling *People v. Peters* and holding that a magistrate has the power to dismiss the complaint when the prosecution fails to comply with the 10-day limit of section 859. That quagmire was created, however, only by the majority's illogical conclusion that the magistrate cannot discharge the defendant under section 871 despite a total failure of proof by the prosecution. I would reject that conclusion, and hold that section 871 authorizes a magistrate to discharge a defendant whenever the prosecution fails to present sufficient proof, or any proof whatsoever, to justify holding the defendant for trial.

---

[5]We granted a hearing in *Guerrero v. Superior Court* (5 Civ. 5495) because the Court of Appeal opinion in that case conflicted with the Court of Appeal opinion in the instant case. Pending argument, however, Guerrero died and we therefore dismissed the matter as moot.

Having reached this conclusion with respect to the application of section 871, resolution of the present case becomes clear. When the prosecutor announced on February 14, the date set for preliminary hearing following the first arraignment, that he was unable to proceed, the magistrate properly discharged the defendant under section 871. Numerous cases, both before and subsequent to *Peters*, indicate that following a section 871 discharge the People can file and prosecute a new complaint. (See *People* v. *Backus* (1979) 23 Cal.3d 360, 396 [152 Cal.Rptr. 710, 590 P.2d 837]; *People* v. *Uhlemann* (1973) 9 Cal.3d 662, 665-666 [108 Cal.Rptr. 657, 511 P.2d 609]; *People* v. *Granderson* (1981) 118 Cal.App.3d 907, 910 [173 Cal.Rptr. 685].)[6]

As the majority opinion acknowledges, when the People file a new complaint and rearraign the defendant, the 10-day period of section 859b runs anew from the date of rearraignment. That conclusion follows from the common and judicially endorsed practice of filing new charges following a section 871 discharge. Unless the 10-day period of section 859b began anew, the filing of a new information would be pointless; since the 10-day period from the first arraignment has already run, the magistrate would have to discharge the defendant on the new information. The absurd result would be that the prosecution, following a section 871 discharge, could not proceed by information at all, but only by indictment. The cited cases (*People* v. *Backus; People* v. *Uhlemann; People* v. *Granderson*), however, impose no such limitation on the prosecution's power, but permit the prosecution after a section 871 discharge to proceed either by new information or by indictment.

The conclusion that the period of section 859b commences anew follows also by analogy to other statutes designed to guarantee a defendant's right to a speedy trial. The 60-day period within which a defendant must be brought to trial (§ 1382, subd. 2) begins anew with the filing of a new information or indictment. (See *Bellizzi* v. *Superior*

---

[6]The majority asserts that extending section 871 to a case in which the prosecutor announces his inability to proceed on the scheduled date for preliminary hearing will destroy the protective purpose of the 10-day limitation in section 859b. Nothing in the statutes, it points out, would prevent the prosecutor from filing charges, announcing an inability to proceed, filing new charges after the defendant is discharged, again announcing an inability to proceed, and so on indefinitely. The fact of the matter is that, until the 1980 legislation took effect, neither section 859b nor 871 protected defendant against multiple refiling of charges. A defendant's protection from such improper conduct lay in the judicial power to prevent harassment of the defendant by successive refiling of charges. (See *People* v. *Uhlemann, supra,* 9 Cal.3d 662, 669; *Simmons* v. *Municipal Court, supra,* 109 Cal.App.3d 15, 25.) Defendant makes no claim of harassment in the present case.

*Court* (1974) 12 Cal.3d 33, 38 [115 Cal.Rptr. 52, 524 P.2d 148].) The same rule applies to the 90-day period prescribed by section 1381. (*People* v. *Godlewski* (1943) 22 Cal.2d 677, 683 [140 P.2d 381].)

In summary, when the prosecutor announced on February 14 that he was unable to proceed, the magistrate properly ordered the discharge of the defendant. Following such a discharge, the prosecution filed a new complaint and rearraigned defendant. Since under settled practice the time limit of section 859b recommenced with the filing of the new complaint, defendant's preliminary hearing, held within 10 court days of rearraignment, was timely.

Richardson, J., and Newman, J., concurred.

The petition of real party in interest for a rehearing was denied November 5, 1981. Tobriner, J., was of the opinion that the petition should be granted.