BILL LOCKYER Attorney General SUSAN DUNCAN LEE Deputy Attorney General
THE HONORABLE HILDA CANTÚ MONTOY, CITY PROSECUTING ATTORNEY, CITY OF FRESNO, has requested an opinion on the following question:
May the agenda of a meeting of a city council be posted on a touch-screen electronic kiosk accessible without charge to the public 24 hours a day, 7 days a week, in lieu of posting a paper copy of the agenda on a bulletin board?
 CONCLUSION
The agenda of a meeting of a city council may be posted on a touch-screen electronic kiosk accessible without charge to the public 24 hours a day, 7 days a week, in lieu of posting a paper copy of the agenda on a bulletin board.
 ANALYSIS
The Ralph M. Brown Act (Gov. Code, §§ 54950-54962; "Act")[1] generally requires legislative bodies of local agencies to hold their meetings open to the public. (§ 54962; see 78 Ops.Cal.Atty.Gen. 327 (1995); 76 Ops.Cal.Atty.Gen. 289 (1993); 75 Ops.Cal.Atty.Gen. 89 (1992).) Ordinarily, a local legislative body may not discuss or take action on any item that does not appear on the agenda for the meeting, which agenda must be posted in a location accessible to members of the public.[2] The question presented for resolution is whether the command that an agenda be "posted" allows a city council to make its agenda available for display on a touch-screen electronic kiosk. We conclude that such "posting" is authorized by the Act.
The statute requiring our examination is section 54954.2, subdivision (a), which states:
 "At least 72 hours before a regular meeting, the legislative body of the local agency, or its designee, shall post an agenda containing a brief general description of each item of business to be transacted or discussed at the meeting, including items to be discussed in closed session. A brief general description of an item need not exceed 20 words. The agenda shall specify the time and location of the regular meeting and shall be posted in a location that is freely accessible to members of the public. If requested, the agenda shall be made available in appropriate alternative formats to persons with a disability, as required by Section 202 of the Americans with Disabilities Act of 1990 (42 U.S.C. Sec. 12132), and the federal rules and regulations adopted in implementation thereof. The agenda shall include information regarding how, to whom, and when a request for disability-related modification or accommodation, including auxiliary aids or services may be made for a person with a disability who requires a modification or accommodation in order to participate in the public hearing.
 "No action or discussion shall be undertaken on any item not appearing on the posted agenda. . . ." (Italics added.)
An action taken in violation of section 54954.2 is null and void. (§ 54960.1, subd. (a).) Further, every member of a body "who attends a meeting of that legislative body where action is taken in violation of any provision of this chapter, and where the member intends to deprive the public of information to which the member knows or has reason to know the public is entitled under this chapter, is guilty of a misdemeanor." (§ 54959.)
The proposed electronic kiosk would be located in front of the city hall and would be accessible without charge to the public 24 hours a day, 7 days a week. Accessibility would be provided to disabled persons in compliance with state and federal law. (See §§ 4450, 11135; Civ. Code, § 54; 42 U.S.C. § 12132; 28 C.F.R. § 35 (2005); 36 C.F.R. § 1194 (2005); Donald v. Sacramento ValleyBank (1989) 209 Cal.App.3d 1183.) The agendas of the meetings of all of the city's "legislative bodies," such as its commissions, committees, and boards (§ 54952), would be posted for viewing by touching the word "agenda" on the menu screen. The city anticipates that the new posting procedures will enhance public access, making it easier for members of the public to view agendas in an orderly and convenient manner.
In interpreting the language of section 54594.2, we apply well established rules of statutory construction. Our fundamental purpose is to "`ascertain the intent of the Legislature in order to effectuate the purpose of the law.' [Citation.]" (Wilcox v.Birtwhistle (1999) 21 Cal.4th 973, 977.) In doing so, we first look to the words of the statute and try to give effect to the usual, ordinary import of the language, at the same time not rendering any language mere surplusage. (Lungren v. Deukmajian
(1998) 45 Cal.3d 727, 735.) The words must be construed in context and in light of the nature and obvious purpose of the statute where they appear. (People v. Jenkins (1995) 10 Cal.4th. 234, 246; Dyna-Med, Inc. v. Fair Employment HousingCom. (1987) 43 Cal.3d 1379, 1386-1387.) The meaning of a statute may not be determined from a single word or sentence; the parts must be construed in the context of the whole, and the whole construed in the context of the larger system of laws of which it is a part. (California Teachers Assn. v. Governing Bd. of RialtoUnified School Dist. (1974) 14 Cal.4th 627, 642; Landrum v.Superior Court (1981) 30 Cal.3d 1, 14.)
The purposes of the Act are found in section 54950, which states:
 "In enacting this chapter, the Legislature finds and declares that the public commissions, boards and councils and the other public agencies in this State exist to aid in the conduct of the people's business. It is the intent of the law that their actions be taken openly and that their deliberations be conducted openly.
 "The people of this State do not yield their sovereignty to the agencies which serve them. The people, in delegating authority, do not give their public servants the right to decide what is good for the people to know and what is not good for them to know. The people insist on remaining informed so that they may retain control over the instruments they have created."
In furtherance of these purposes, it has repeatedly been held that the Act is to be construed "liberally in favor of openness in conducting public business." (Shapiro v. San Diego CityCouncil (2002) 96 Cal.App.4th 904, 917; see Epstein v.Hollywood Entertainment Dist. II Bus. Improvement Dist. (2001)87 Cal.App.4th 862, 869; International Longshoremen's Warehousemen's Union v. Los Angeles Export Terminal, Inc. (1999)69 Cal.App.4th 287, 294; 78 Ops.Cal.Atty.Gen., supra, at pp. 330-331.)
Applying these principles of construction, we believe that the term "posted," as used in subdivision (a) of section 54954.2, includes making agendas available on an electronic kiosk. "Post," in this context, commonly means "to affix (as a paper or bill) to a post, wall, or other usual place for public notices," "to publish, announce, or advertise by or as if by the use of a placard" (Webster's 3d New Internat. Dict. (2002) p. 1771), or "[t]o publicize or announce by affixing a notice in a public place" (Black's Law. Dict. (8th ed. 2004) p. 1204, col. 1). In ordinary parlance, "posting" includes making use of an electronic format. (See Ampex Corp. v. Cargle (2005) 128 Cal.App.4th 1569,1576 [act of "posting messages on the Yahoo! message board" constitutes making statements in a public forum, defined as place open to public where information is freely exchanged]; LosAngeles Times Communications v. Los Angeles County Bd. ofSupervisors (2003) 112 Cal.App.4th 1313, 1319 [closed session protocols of county board of supervisors included requirement "that all written materials related to Board agenda items be posted on the County's web page"].)
Moreover, the posting of agendas on an electronic kiosk is consistent with the Act as a whole and furthers its purposes. Providing agendas in an electronic format permits citizens to obtain the information more conveniently than if the same documents were posted on a traditional bulletin board in paper form. Compared to a typical bulletin board, an electronic kiosk offers greater readability, better lighting, increased accessibility for disabled persons, and reduced vandalism.
Accordingly, we conclude that the agenda of a meeting of a city council may be posted on a touch-screen electronic kiosk accessible without charge to the public 24 hours a day, 7 days a week, in lieu of posting a paper copy of the agenda on a bulletin board.
[1] All further references to the Government Code are by section number only.
[2] The Act identifies three situations in which a legislative body may discuss or act on a matter that has not been described on a noticed agenda: (1) the matter is an emergency (§ 54954.2, subd. (b)(1)); (2) the matter came to the body's attention after the agenda was posted and requires immediate action (§ 54954.2, subd. (b)(2)); or (3) the item was properly noticed for and has been continued from a meeting held within the previous five days (§ 54954.2, subd. (b)(3)).