[No. D053669. Fourth Dist., Div. One. Dec. 3, 2008.]

JOSE O., Petitioner, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY,
Real Party in Interest.

COUNSEL

Richard Siref, under appointment by the Court of Appeal, for Petitioner.

No appearance for Respondent.

John J. Sansone, County Counsel, John E. Philips, Chief Deputy County Counsel, and Lisa M. Maldonado, Deputy County Counsel, for Real Party in Interest.

Jodi Else, under appointment by the Court of Appeal, for Minor Angel O.

OPINION

**NARES, Acting P. J.**—Jose O. seeks writ review of orders denying him reunification services and setting a section 366.26 hearing regarding his son, Angel O. We deny the petition.

### FACTUAL AND PROCEDURAL BACKGROUND

On June 27, 2008, the San Diego County Health and Human Services Agency (the Agency) petitioned on behalf of three-year-old Angel O. under Welfare and Institutions Code[1] section 300, subdivision (a), alleging Jose had stabbed Angel's mother, Beatriz O., to death in Angel's presence. Subsequently, the Agency filed an amended petition under section 300, subdivision (i), adding Angel had been subjected to an act of cruelty.

Police had gone to the home after receiving a domestic violence call. They found Beatriz and Jose covered with blood and lying on the floor. Beatriz was dead from stab wounds; Jose was unconscious. Angel was seated between them. He stated, "Daddy killed Mommy," and said he was scared. Jose was hospitalized, arrested and charged with murder. He had a history of domestic violence with Beatriz and had attended domestic violence classes because of an earlier incident.

Angel was detained with his paternal grandparents, who had provided care for him in the past. Jose described the altercation to the social worker. He said he and Beatriz had argued and began fighting upstairs. She defended herself with a knife. They continued fighting downstairs in the kitchen. He said they both fell to the ground, and he heard Angel say, "Mommy wake up" and "Daddy wake up."

---

[1] Statutory references are to the Welfare and Institutions Code.

At the jurisdictional and dispositional hearing, after considering the social worker's reports and arguments of counsel, the court found the allegations of the petition to be true. It set a section 366.26 hearing and denied reunification services under section 361.5, subdivision (b)(6).

Jose petitions for review of the court's orders. (§ 366.26, subd. (e); Cal. Rules of Court, rule 8.452.) This court issued an order to show cause, the Agency responded and the parties waived oral argument.

## DISCUSSION

Jose contends the juvenile court erred by setting a section 366.26 hearing and by not ordering reunification services. He argues the court made a mistake by denying services based on section 361.5, subdivision (b)(9). However, the court made no finding under that subdivision but, instead, denied services under section 361.5, subdivision (b)(6). As we shall explain, Jose has not shown error by the court's denial of services on the basis of this subdivision.

■ We review de novo the issue of whether section 361.5, subdivision (b)(6) authorizes denial of services under this particular set of circumstances. Questions of law that do not involve resolution of deputed facts are subject to de novo review, giving no deference to the superior court's ruling. (*Riverside County Dept. of Public Social Services v. Superior Court* (1999) 71 Cal.App.4th 483, 486 [83 Cal.Rptr.2d 777].) In deciding the proper interpretation of statutes, the primary goal is to determine the intent of the Legislature when the law was enacted. (*Torres v. Automobile Club of So. California* (1997) 15 Cal.4th 771, 777 [63 Cal.Rptr.2d 859, 937 P.2d 290].) We first look at the language of the statute, attributing to the words their plain, usual, ordinary and commonsense meaning. (*Garcia v. McCutchen* (1997) 16 Cal.4th 469, 476 [66 Cal.Rptr.2d 319, 940 P.2d 906]; *Torres*, at p. 777.) " '[E]very statute should be construed with reference to the whole system of law of which it is a part so that all may be harmonized and have effect.' " (*Landrum v. Superior Court* (1981) 30 Cal.3d 1, 14 [177 Cal.Rptr. 325, 634 P.2d 352].)

■ Section 361.5, subdivision (a) directs the juvenile court to order services whenever a child is removed from the custody of his or her parent unless the case falls within one of the enumerated exceptions of section 361.5, subdivision (b). (*Rosa S. v. Superior Court* (2002) 100 Cal.App.4th 1181, 1188 [122 Cal.Rptr.2d 866].)

Section 361.5, subdivision (b)(6) provides in part as follows:

"(b) Reunification services need not be provided to a parent or guardian described in this subdivision when the court finds, by clear and convincing evidence, any of the following: [¶] . . . [¶]

"(6) That the child has been adjudicated a dependent pursuant to any subdivision of Section 300 as a result of . . . the infliction of severe physical harm to the child . . . by a parent . . . as defined in this subdivision, and the court makes a factual finding that it would not benefit the child to pursue reunification services with the offending parent . . . . [¶] . . . [¶]

"A finding of the infliction of severe physical harm, for the purposes of this subdivision, may be based on, but is not limited to, deliberate and serious injury inflicted to or on a child's body . . . by an act or omission of the parent . . . , or of another individual or animal with the consent of the parent . . . ; deliberate and torturous confinement of the child . . . ; or any other torturous act or omission that would be reasonably understood to cause serious emotional damage."

A legislative purpose of this statutory provision is to allow the juvenile court discretion to not order reunification services if the court finds services for the parent would not benefit a child who has been adjudicated a dependent of the court as a result of the parent's infliction of severe physical harm, as defined by the statute. (Sen. Rules Com., Off. of Sen. Floor Analyses, Analysis of Sen. Bill No. 1564 (1991–1992 Reg. Sess.) as amended July 13, 1992, p. 3.) Statutory provisions enacted before this time had mandated reunification services in all cases for children more than five years of age except for a few very narrow circumstances. Section 361.5, subdivision (b)(6) freed the dependency court to "exercise discretion based on consideration of the individual facts . . . [of] a case, under less restrictive guidelines." (Assem. Com. on Judiciary, Worksheet on Sen. Bill No. 1564 (1991–1992 Reg. Sess.) p. 2.)

■ Providing the court with discretion to not order services for a parent who has inflicted severe physical harm on the child by knifing to death the child's other parent in the child's presence supports the legislative purpose to allow the court to exercise its discretion based on consideration of the individual facts of a case. The phrase, "infliction of severe physical harm," found in section 361.5, subdivision (b)(6) clearly was designed as a catchall to encompass all situations that qualify as acts or omissions that would cause serious emotional damage. Implied in the statute is the understanding that

serious emotional damage has both a psychological and a physical component. The plain language of the paragraph refers to torturous acts or omissions that would reasonably be understood to cause the severe physical *harm* of serious emotional damage. Physical *injury* is not required.

█ Jose's killing of Beatriz in three-year-old Angel's presence was a torturous act that would be reasonably understood to cause serious emotional damage to the child. The fight began upstairs where Angel was sleeping. Jose and Beatriz continued their altercation downstairs, and by the time Jose had stabbed Beatriz to death, the child was in the kitchen with them. Before Jose lost consciousness, he heard Angel saying, "Mommy wake up" and "Daddy wake up." When police arrived, Angel was sitting in the midst of the bloody scene near his two parents. He told them, "Daddy killed Mommy" and that he was scared. Clearly, Angel witnessed Jose stabbing Beatriz to death and understood what had happened. As the court observed, seeing this violence would certainly cause emotional problems to Angel in the future. The court stated, "If not immediately[,] later in life[,] and later be diagnosed as [posttraumatic] stress I'm sure." Jose does not contest the court's finding that these acts constituted an act of cruelty under section 300, subdivision (i). Substantial evidence supports the court's finding that by his acts Jose inflicted severe physical harm on Angel within the meaning of section 361.5, subdivision (b)(6). His torturous acts would be reasonably understood to cause serious emotional damage.

Implicit in the court's denial of services is a finding that reunification services would not benefit Angel. A reviewing court may imply a finding if substantial evidence supports it. (*In re Kristin W.* (1990) 222 Cal.App.3d 234, 253 [271 Cal.Rptr. 629].) The Agency argued reunification services should be denied under section 361.5, subdivisions (b)(6) and (e)(1). The court denied services under section 361.5, subdivision (b)(6), but did not deny services under section 361.5, subdivision (e)(1), and did not find reunification services for Jose would be in Angel's best interests, even though Jose's counsel requested this finding. We infer the court implicitly found that reunification services would not benefit Angel. Substantial evidence supports such a finding.

Further, Jose has not shown the court abused it discretion by determining not to provide reunification services. A determination "committed to the sound discretion of the juvenile court . . . should not be disturbed on appeal unless an abuse of discretion is clearly established." (*In re Stephanie M.* (1994) 7 Cal.4th 295, 318 [27 Cal.Rptr.2d 595, 867 P.2d 706].) " 'The appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason.' " (*Id.* at pp. 318–319.) Jose has made no showing that the court abused its discretion by not providing reunification services for him after finding section 361.5, subdivision (b)(6) applied.

## DISPOSITION

The petition is denied.

McDonald, J., and McIntyre, J., concurred.

Petitioner's petition for review by the Supreme Court was denied March 11, 2009, S170145.