**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Wilbert GOMEZ and Nelson Zahriya,**
**Defendants–Appellants.**

**Nos. 87–5219, 87–5220.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 4, 1988.

Decided May 11, 1988.

558

Alan Baum, A. Michael Clein, Joshua C. Needle, Santa Monica, Cal., for defendants-appellants.

Thomas K. Buck, Asst. U.S. Atty., Criminal Div., Los Angeles, Cal., for plaintiff-appellee.

Before HUG, KOZINSKI and THOMPSON, Circuit Judges.

KOZINSKI, Circuit Judge:

We consider whether the district court properly found that appellants voluntarily consented to a police search of their luggage.

*Facts*

On April 14, 1987, Los Angeles Police Department Detectives Martin, May and Farrant detained and questioned Rinaldo Ortiz and appellant Wilbert Gomez on the sidewalk in front of the Eastern Airlines Terminal at Los Angeles International Airport. Gomez and Ortiz had just arrived from Miami, Florida, in the company of a third individual, Ms. Holloway. Gomez, a TWA flight steward, had three pieces of luggage; a consensual search revealed that they were empty except for a TWA uniform.

Detectives Farrant and May located Holloway in the Eastern Airlines boarding area. A consensual search of her carry-on luggage yielded three used airline tickets in the names of Ortiz, Gomez and Holloway, and four additional tickets with boarding passes in the names of those three individuals and Nelson Zahriya. The tickets were for travel later that evening to Chicago.

Meanwhile, Detective Martin remained with Ortiz and Gomez in front of the terminal. When Ortiz became loud and boisterous and allegedly attempted to walk away, Martin placed him in handcuffs. Ortiz testified that Martin banged his head against the wall before handcuffing him, but neither Gomez nor Martin corroborated this allegation.

Detective Martin concluded that there was insufficient evidence to hold the suspects and they were released. Surveillance was conducted at their hotel, and on the following evening Ortiz, Holloway, Gomez and a fourth person (later identified as appellant Zahriya) were observed placing numerous pieces of luggage into an automobile. Detectives Farrant and Nelsen, both of whom had been present at the previous evening's confrontation, and three other city and federal officers followed Gomez and Zahriya as they drove to the Ontario International Airport.

At the airport, Detective Nelsen approached the suspects as they were unloading their luggage from the car. He identified himself and asked Gomez, "Do you remember us?" Gomez replied, "Yes, I do." Detectives Nelsen and Farrant proceeded to question the suspects. According to the officers, both Gomez and Zahriya consented to have their luggage searched. A search of the bags revealed that they contained approximately 50 kilograms of cocaine.

After being indicted for conspiracy to possess and possession of cocaine, 21 U.S.C. §§ 846, 841(a)(1) (1982), appellants Zahriya and Gomez moved to suppress the evidence seized in the search of their luggage on April 15. After an evidentiary hearing, Chief Judge Real denied the motion. Appellants then entered conditional guilty pleas and appealed the denial of their motion to suppress.

### Discussion

#### I

Appellants first contend that the district judge erred in preventing them from cross-examining Detective Nelsen and others about the events of April 14, specifically the handcuffing of Ortiz. They argue that this incident was directly relevant to the voluntariness of their consent to the April 15 search, as it was part of a continuing course of aggressive and intimidating police conduct that contributed to their states of mind on that date: "The incident of the 14th would inevitably be part of the thought process of Mr. Gomez when he was confronted by some of the same police officers on the 15th.... [S]uch evidence would tend to negate the 'free and voluntary' nature of any words of consent." Appellants' Opening Brief at 4.

Even in the context of a jury trial, the court has considerable discretion to limit cross-examination in order to prevent delay or avoid cumulative evidence. *United States v. Feldman*, 788 F.2d 544, 554 (9th Cir.1986); *United States v. Kennedy*, 714 F.2d 968, 973–74 (9th Cir.1983), *cert. denied*, 465 U.S. 1034, 104 S.Ct. 1305, 79 L.Ed.2d 704 (1984); *see also* Fed.R.Evid. 403. The district judge's discretion is broader still during pretrial proceedings; as trier of fact, he is in a uniquely favorable position to determine whether presentation of additional evidence on contested points is likely to be fruitful.

Here, appellants were permitted to examine Ortiz and Detectives Martin and Farrant at length about the events of April 14; further testimony would have been cumulative. Chief Judge Real heard sufficient evidence to enable him to make a reasoned determination as to the relevance and import of these events. His decision not to permit further cross-examination was well within his discretion.

#### II

The Supreme Court has held that "the question whether a consent to a search was in fact 'voluntary' or was the product of duress or coercion, express or implied, is a question of fact to be determined from the totality of all the circumstances." *Schneckloth v. Bustamonte*, 412 U.S. 218, 227, 93 S.Ct. 2041, 2047–48, 36 L.Ed.2d 854 (1973). Appellants argue that the district court failed to consider the totality of circumstances as required by *Schneckloth*. As discussed above, appellants attempted to show that Detective Martin's handcuffing of Ortiz on April 14 was so inherently coercive that it tainted the consensual nature of the search of Zahriya and Gomez by Detectives Nelsen and Farrant on April 15. Chief Judge Real did not find this theory convincing; to the contrary, he repeatedly indicated that he

thought the April 14 incident was irrelevant to the voluntariness of the April 15 consents. Appellants claim that this "absolute failure to consider essential facts" amounted to a failure to consider the totality of the circumstances, and thus the finding of voluntariness was based on an improper legal standard.

■ Appellants misapprehend the nature of the *Schneckloth* inquiry. While voluntariness must be determined from a consideration of all the relevant circumstances surrounding the search, district judges are not required to accept as relevant whatever evidence a defendant may choose to proffer. The surrounding circumstances the court must consider are those that, in the district court's judgment, in fact influenced the defendant's decision to consent to the search. *Cf. United States v. Thomas*, 844 F.2d 678, 683 (9th Cir.1988) (in applying totality of circumstances test to reasonableness of investigatory stop, only those factors actually relied on by police should be considered). The district judge has substantial latitude in making such determinations; we review these findings only for clear error. *Id.*

■ The handcuffing of Ortiz took place a day earlier and at a different location; it involved Ortiz and Martin, neither of whom was present on April 15. Zahriya was not present when Ortiz was handcuffed, and Gomez never indicated that he found the incident coercive or that it otherwise affected his decision to consent to the search. Indeed, he denied consenting to the search at all. On this record, Chief Judge Real's determination that the incidents of April 14 had no bearing on appellants' state of mind on April 15 was entirely plausible.

### III

Finally, appellants argue that the district judge based his finding of voluntariness solely on the fact that appellants consented to the search, and never actually inquired whether the consents given were rendered involuntary by undue coercion. Appellants complain that the district court's failure to prepare written findings of fact and conclusions of law or to state the reasons for his decision "makes meaningful Appellate review ... virtually impossible." Appellants' Opening Brief at 8.

■ We are not, however, aware of any principle of law that requires district courts to couch their rulings so as to give appellants a fair shot at obtaining a reversal. The test is whether the district court has complied with the applicable rules. If the rules do not require a detailed explanation of the court's decision, the district court need not volunteer one so as to make "meaningful Appellate review ... [ ]possible."

■ Here, the district court fully complied with the applicable federal rules. Federal Rule of Criminal Procedure 12(e) merely requires that "[w]here factual issues are involved in determining a motion, the court shall state its essential findings on the record." *See also United States v. Martin*, 781 F.2d 671, 674 (9th Cir.1986). Chief Judge Real stated on the record: "I find the search on the 15th to [be] a consensual search, and ... that the defendants ... consented to [the] search of their bags and [that] the search is legal...." Excerpt of Record at 90. This statement fully complied with the requirements of rule 12(e) and perforce provided an adequate basis for appellate review.

■ Appellants' contention that the trial court's finding of voluntariness may have been grounded on an invalid chain of reasoning is not cognizable on appeal. "When the district court does not enter findings of fact or conclusions of law, we will uphold the result if there is a reasonable view of the evidence to support it." *United States v. Lee*, 699 F.2d 466, 468 (9th Cir.1982) (per curiam). In reviewing the record, we view the evidence in the light most likely to support the district court's decision. *United States v. Alfonso*, 759 F.2d 728, 740 (9th Cir.1985).

■■ Here, appellants point to no relevant evidence indicating that any coercion was applied that would render the April 15 consents involuntary. As for the question whether any consent was actually given, while Gomez denied this, two police officers testified to the contrary. By ruling that the search was consensual, the district court necessarily found these officers credible and Gomez not. We cannot second-guess trial court findings that depend on explicit or implicit credibility assessments

unless the findings are unsupported by the record. *United States v. Dufur*, 648 F.2d 512, 514 (9th Cir.1980); *see also United States v. Caicedo–Guarnizo*, 723 F.2d 1420, 1424 (9th Cir.1984). Because the record provides ample support for the district court's ruling, we are without authority to disturb it.

AFFIRMED.