887 F.2d 1090
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 UNITED STATES of America, Plaintiff-Appellee,
v.
Marvin Leroi TAYLOR, Defendant-Appellant.
 No. 88-3183.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 12, 1989.*
Decided Oct. 2, 1989.
 Before JAMES R. BROWNING, ALARCON and CYNTHIA HOLCOMB HALL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Marvin Leroi Taylor appeals the district court's denial of his motion to suppress a quantity of crack cocaine found in a jacket he was wearing. After the court denied his motion to suppress, Taylor entered a conditional guilty plea to possession of cocaine with intent to distribute. We affirm.
 
 
 3
 We review for clear error the district court's findings that Taylor freely and voluntarily consented to a search and that the search conducted remained within the bounds of the consent. United States v. Gomez, 846 F.2d 557, 560 (9th Cir.1988); United States v. Sierra-Hernandez, 581 F.2d 760, 764 (9th Cir.1978).
 
 
 4
 Agent Wong testified he informed Taylor of his right to refuse to consent and that Taylor subsequently verbally consented to a search of both his bag and person. Taylor testified Agent Wong only requested consent to search his bag. The district court accepted Agent Wong's version of the facts. When the defendant's and government's versions of the facts differ, this court will not, absent clear error, disturb the findings of the district court who "saw, heard, and evaluated the testimony." United States v. Alfonso, 759 F.2d 728, 740 (9th Cir.1985).[1]
 
 
 5
 The agents did not act in a coercive or intimidating manner. They confronted Taylor in a public area without drawing their guns or otherwise displaying force. Cf. id. at 741 (defendant's consent voluntary despite the fact agents entered his hotel room with their guns drawn). Separating Taylor from his companions was not so coercive as to vitiate consent. The defendant's high school education supports the conclusion he was capable of giving knowing consent. See United States v. Mendenhall, 446 U.S. 544, 558 (1980). In sum, the district court's finding that Taylor knowingly and voluntary consented to the search was amply supported by evidence on the record.[2]
 
 
 6
 The district court properly found Taylor had consented to the search of his jacket. We need not reach the government's alternative argument that the body search can be justified as a pat-down search conducted pursuant to a Terry stop.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court's refusal to permit Taylor to retake the stand or to supplement the record with an affidavit asserting he did not consent to the search of his person was not reversible error. The district court already had before it Taylor's version of events
 
 
 [2]
 Taylor argues that even if the district court correctly determined that he had consented to a search of his person, he revoked that consent by holding up his hands and backing away as the agents approached him. The district court found "none of the conduct of the defendant could be reasonably interpreted as a withdrawal of that consent." Whether Taylor effectively withdrew his consent is a factual question, reviewed for clear error. Inasmuch as the district court's finding on this point is adequately supported by evidence on the record, it will not be reversed on appeal. Compare United States v. Brown, No. 88-5378, Slip Op. at 11333-34 (9th Cir. Sept. 13, 1989) ("Any reluctance Brown showed in admitting he was carrying the keys to his luggage was not enough to indicate he had withdrawn his unambiguous statement of consent [to the search of his luggage].") with United States v. Dichiarinte, 445 F.2d 126, 128 (7th Cir.1971) (defendant clearly revoked consent by saying, "The search is over. I am calling off the search.")