891 F.2d 296
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Heroel HERNANDEZ, Defendant-Appellant.
 No. 88-5210.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 4, 1989.
Decided Dec. 6, 1989.
As Amended Dec. 21, 1989.
 
 Before GOODWIN, Chief Judge, SCHROEDER, and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Defendant-Appellant Heroel Hernandez appeals his convictions following a jury trial of one count of conspiracy to aid and abet the possession and distribution of controlled substances (21 U.S.C. § 846) and two counts of money laundering (18 U.S.C. § 1956). Hernandez challenges his conviction on numerous grounds, claiming error in the admission of prior bad act evidence, formulation of the jury instructions, exclusion of certain defense evidence, and denial of two discovery requests. We find no error sufficient to warrant reversal of the convictions and therefore affirm.
 
 
 3
 The investigation leading to Hernandez' convictions occurred in connection with an inquiry into a narcotics money-laundering operation begun by the FBI in June, 1984. In one transaction witnessed by the FBI agent infiltrating the West Coast arm of the operation, Hernandez made two deliveries of $500,000 to a warehouse occupied by a principal of the money-laundering scheme. Hernandez' conviction rests upon the government's charge that these deliveries were made in furtherance of the narcotics money-laundering conspiracy.
 
 A. PRIOR BAD ACT EVIDENCE
 
 4
 At trial, the court granted the government's motion to introduce prior bad act evidence relating to an incident which occurred six months prior to the warehouse delivery. Drug Enforcement Agents had stopped Hernandez and his wife at Los Angeles International Airport and seized $159,000 in currency. Hernandez argues that the district court abused its discretion in admitting the evidence in violation of Fed.R.Evid. 404(b). We find no error in the district judge's finding that the four-part test for admission of such evidence under 404(b) was satisfied: There was sufficient evidence from which a jury could find that Hernandez had committed the cited acts; the attempted evasion of the currency reporting laws was not remote in time or dissimilar from the warehouse transaction; and evidence from the airport stop was relevant to prove the knowledge and intent elements of the charged offenses, independent of any aspersions it may have cast upon Hernandez' character. See United States v. Miller, 874 F.2d 1255, 1268 (9th Cir.1989). We also find no abuse of discretion in the district court's determination under Fed.R.Evid. 403 that the probative value of the evidence was not substantially outweighed by any potential prejudice to Hernandez.
 
 B. JURY INSTRUCTIONS
 
 5
 Hernandez argues that the district court committed reversible error in giving a Jewell instruction to the jury on the money-laundering counts. United States v. Jewell, 532 F.2d 697 (9th Cir.), cert. denied, 426 U.S. 951 (1976). We reject his contention that the facts in this case are inconsistent with a finding of deliberate ignorance. We also reject his claim that the jury may have convicted him on a finding of negligence. See United States v. Perez-Padilla, 846 F.2d 1182, 1183 (9th Cir.1988); United States v. Alvarado, 838 F.2d 311 (9th Cir.1987), cert. denied, 108 S.Ct. 2880 (1988).
 
 
 6
 We also find to be without merit Hernandez' claim that the district court erred in refusing to give his "mere presence" instruction. The requested instruction was given with regard to the aiding and abetting count. There is no evidence that the failure to repeat the instruction with regard to the conspiracy count deprived the jury of an understanding of his theory of the case. See United States v. Bradshaw, 690 F.2d 704, 710 (9th Cir.1982), cert. denied, 463 U.S. 1210 (1983).
 
 C. EXCLUSION OF EVIDENCE OF HERNANDEZ' FEAR
 
 7
 Hernandez also contends that the district court erred in excluding his testimony that he delivered money to the warehouse in part because of fear for himself and his family. He claims the evidence was relevant on the issues of knowledge and intent and should not have been excluded on the ground that it fell short of a duress defense which he never intended to offer.
 
 
 8
 We find no abuse of discretion in the district court's decision to exclude the evidence. A district court may refuse to admit evidence that is not legally relevant; here Hernandez' proffer concededly fell short of the requirements for a duress defense and would not have negated any of the material elements of the charged offenses. See Fed.R.Evid. 402; United States v. Gomez, 846 F.2d 557, 560 (9th Cir.1988).
 
 D. THE GOVERNMENT'S REBUTTAL TESTIMONY
 
 9
 Hernandez also challenges the district court's admission of the testimony of government witness John Osorio, offered to rebut statements elicited from Hernandez during cross-examination. Osorio's testimony directly contradicted statements made by Hernandez on the stand that he had never delivered over $10,000 to any party other than a computer company and that he eschewed the use of aliases. We find no abuse of discretion in the district court's determination that such testimony was neither collateral nor intended purely for impeachment purposes.
 
 E. DISCOVERY RULINGS
 
 10
 Hernandez appeals the district court's denial of his discovery requests for (1) police surveillance reports of his activities; and (2) information related to the government's informant to be used for a hearing under Franks v. Delaware, 438 U.S. 154 (1978). With regard to the former request, Hernandez argues that the surveillance evidence was discoverable because it contained "negative exculpatory" statements--i.e., official police records that he had been kept under surveillance for long periods of time with no reports of criminal conduct. While we reject the government's contention that negative exculpatory evidence may never be available under Brady v. Maryland, 373 U.S. 83 (1963), there is no evidence that the withholding of the surveillance reports materially affected the verdict. See United States v. Whitworth, 856 F.2d 1268, 1276 (9th Cir.1988), cert. denied, 109 S.Ct. 1541 (1989).
 
 
 11
 With regard to discovery related to the government's informant, we find no abuse of discretion in the district court's determination, after holding an in camera examination, that nondisclosure of the informant's identity would not substantially prejudice Hernandez' case. See Roviaro v. United States, 353 U.S. 53 (1957).
 
 CONCLUSION
 
 12
 The remainder of Hernandez' claims lack merit. The search warrant issued for Hernandez' home was not void for lack of probable cause, staleness, or overbreadth. The evidence was sufficient to support Hernandez' conviction on the conspiracy count and the district court's admission of various hearsay statements under the co-conspirator exception of Fed.R.Evid. 801(d)(2) was not clearly erroneous. Hernandez lacks standing to challenge 18 U.S.C. § 1956 for vagueness. See Schwartzmiller v. Gardner, 752 F.2d 1341, 1346 (9th Cir.1984).
 
 
 13
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3