999 F.2d 545
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Samuele MANNO, Defendant-Appellant.
 No. 92-30089.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 4, 1993.*
Decided July 21, 1993.
 
 1
 Before PREGERSON and KLEINFELD, Circuit Judges; LEGGE, District Judge**
 
 
 2
 MEMORANDUM***
 
 
 3
 Defendant Samuele Manno appeals after pleading guilty to cocaine possession with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). The appeal concerns appellant's pretrial motion to suppress evidence. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 I.
 
 4
 The district court held an evidentiary hearing on appellant's motion to suppress the evidence found in his vehicle. Appellant argued that his stop by the police was pretextual, that the detention following the stop was a ploy to hold him and search his car, that he did not consent to the search, and in the alternative, if he did consent, his consent was not voluntary. The district judge denied the suppression motion, stating his reasons on the record. He found that the initial stop and Manno's subsequent consent to the search were valid. Defendant then entered a conditional guilty plea.
 
 
 5
 The district court found that the police officer observed Manno's car both weaving and driving significantly below the speed limit. The officer pulled him over, and a second officer was summoned to the scene. After calling in defendant's license and registration and finding no outstanding warrants, and after deciding that Manno was not intoxicated, Manno was told that he could leave. As Manno and the police walked towards his car, the officers told him that drugs were frequently smuggled along this route. They asked Manno if they could search the car. Manno consented to the search, and an officer subsequently found cocaine in his car.
 
 II.
 
 6
 The factual findings of the district court are reviewed under the clearly erroneous standard. Maine v. Taylor, 477 U.S. 131 (1986). Questions of mixed law and fact are considered first by reviewing the factual issues under the clearly erroneous standard, then considering the applicable law de novo, and finally considering the application of law to fact de novo. United States v. Allen, 831 F.2d 1487, 1494 (9th Cir.1987), cert. denied 487 U.S. 1237 (1988).
 
 
 7
 Voluntariness of consent is a factual question to be determined from all of the circumstances. Schneckloth v. Bustamonte, 412 U.S. 218, 249 (1973); United States v. Gomez, 846 F.2d 557, 559 (9th Cir.1988). The prosecutor has the burden of proving that consent was "freely and voluntarily given" and "(t)his burden cannot be discharged by showing no more than acquiescence to a claim of lawful authority." Bumper v. North Carolina, 391 U.S. 543, 548 (1968) However, a prosecutor need not prove that defendant knew he had the right to refuse consent. Schneckloth, 412 U.S. at 249.
 
 III.
 
 8
 The district court's findings were supported by the evidence and are not clearly erroneous.
 
 
 9
 Appellant does not dispute the record that he crossed the traffic line and that he was driving well below the usual speed. He nevertheless argues that the stop was a pretext for the police to interrogate and search him. An arrest may not be used as a pretext to search for evidence. Whether the arrest is pretextual hinges upon the motives of the arresting officer. United States v. Smith, 802 F.2d 1119, 1124 (9th Cir.1986), (quoting, Williams v. United States, 418 F.2d 159, 161 (9th Cir.1969)). However, the facts in the record establish that the police had reason to stop Manno, because he was driving as if he were intoxicated, and there is no other evidence in the record of pretext.
 
 
 10
 Appellant argues that once the officers determined that he was not drunk and decided to let him go, they should have released him immediately and not held him longer in order to search his car. He also argues that he either did not consent to the search, or if he did consent, the consent was not voluntary. Appellant's factual argument is contrary to the findings made by the district judge. Once defendant's license and registration were cleared, and the police decided that he was not intoxicated, the police informed Manno that he was free to leave. They then asked him if they could search his car. The judge found that defendant consented and that his consent was voluntary. The district court's findings were supported by the record.
 
 
 11
 The decision of the district court denying the motion to suppress is AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 Hon. Charles A. Legge, United States District Judge for the Northern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3