Jaime De ANDA, Plaintiff–Appellant,

v.

### CITY OF LONG BEACH, et al., Defendants–Appellees.

No. 91–55839.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 10, 1993.

Decided Oct. 22, 1993.

James H. Davis, Los Angeles, CA, for plaintiff-appellant.

Daniel S. Murphy, Deputy City Atty., Long Beach, CA, for defendant-appellee.

Before: FLETCHER, POOLE and THOMPSON, Circuit Judges.

POOLE, Circuit Judge:

Appellant Jaime De Anda appeals the district court's adverse judgment in his civil rights action and its denial of his motion for a new trial. De Anda argues that the district court erred in (1) separating his trial into phases, (2) excluding evidence of the result of the state court preliminary hearing, and (3) limiting his examination of one of the defendants. We affirm in part, reverse in part and remand for a new trial.

I.

De Anda brought suit in the United States District Court for the Central District of California, alleging that defendants, the City of Long Beach, its then police chief, Lawrence L. Binkley, and two of its police officers, Ron Burgess and Darren Davenport, violated his civil rights and conspired to violate his civil rights under 42 U.S.C. §§ 1983 and 1985.[1] De Anda's claims arose from a September 16, 1988 encounter that resulted in his being shot by Davenport and arrested on the charge of assault with a deadly weapon, in violation of California Penal Code § 245. The defendants denied De Anda's allegations, and the matter proceeded to trial.

Prior to trial, the district court issued an order, over De Anda's objections, regarding the presentation of evidence and proof. Pursuant to the order, the trial was divided into three phases: (1) the issue of Burgess' and Davenport's liability, (2) the issue of damages, and (3) the issue of municipal liability and any additional damages arising therefrom.

On the first day of trial, the district court held a hearing on the plaintiff's motion in limine regarding the admissibility of portions of the transcript of De Anda's state court preliminary hearing, at which the criminal charges against him were dismissed pursuant to California Penal Code § 871.[2] The district court indicated before trial that it thought that the evidence of the dismissal had little value, but ruled that the parties could further address the issue prior to introducing any evidence of the dismissal. During trial the court ruled that although the testimony at the preliminary hearing could be used for impeachment purposes, evidence of the dismissal was not admissible.

Binkley testified during the first phase of the trial. Binkley had previously testified in his deposition that he had gone to the scene of the shooting, had seen a gun on the ground near De Anda, and had conferred with an officer on the scene regarding the circumstances of the shooting. However, Binkley recanted at trial and testified that he had attended a seminar and was out of town on the day De Anda was shot. In accounting for the inconsistency between his deposition and trial testimony, Binkley explained that he had confused De Anda's shooting with a similar incident.[3] While the district court allowed Binkley to explain his inconsistency, it refused to allow De Anda to examine Binkley on the substance of his deposition testimony regarding the scene of the shooting, holding that further questioning was cumulative.

---

1. De Anda also alleged that this same encounter resulted in a deprivation under California law.

2. California Penal Code § 871 provides that:
 If, after hearing the proofs, it appears either that no public offense has been committed or that there is not sufficient cause to believe the defendant guilty of a public offense, the magistrate shall order the complaint dismissed and the defendant to be discharged, by an endorsement on the depositions and statement, signed by the magistrate, to the following effect:

"There being no sufficient cause to believe the within named A. B. guilty of the offense within mentioned, I order that the complaint be dismissed and that he or she shall be discharged."

3. Astonishingly, the defendants did not inform De Anda of Binkley's confusion until the first day of trial, when obtaining discovery on whether there really was a similar incident was impossible.

The jury returned a verdict for the defense on March 29, 1991, mooting the last two phases of the trial. De Anda moved for a new trial, arguing, *inter alia,* that the district court's limitation on Binkley's examination was an abuse of discretion. The district court denied this motion on June 18, 1991, finding that its limitation of Binkley's examination was proper because the jury was already fully informed of his confusion and error.

De Anda now appeals to this court.

## II.

### A. Separation of the Trial into Phases [4]

De Anda argues that the district court erred in separating his trial into three phases. Federal Rule of Civil Procedure 42(b), which authorizes the district court to conduct separate trials, provides that

[t]he court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment of the Constitution or as given by statute to the United States.

■ A district court's decision to order separate trials may be set aside only for an abuse of discretion. *Davis v. Mason County,* 927 F.2d 1473, 1479 (9th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 275, 116 L.Ed.2d 227 (1991). Reversal is required only if we have a definite and firm conviction that the district court made a clear error of judgment in its conclusion. *Id. (citing Abatti*

*v. Commissioner,* 859 F.2d 115, 117 (9th Cir. 1988)).

■ It is clear that Rule 42(b) gives courts the authority to separate trials into liability and damage phases. *See Arthur Young & Co. v. United States Dist. Court,* 549 F.2d 686, 697 (9th Cir.), *cert. denied,* 434 U.S. 829, 98 S.Ct. 109, 54 L.Ed.2d 88 (1977). However, the district court, despite De Anda's claim that Burgess, Davenport and Binkley conspired to violate his civil rights, did not include the issue of Binkley's liability in the first phase of the trial. Instead, Binkley's liability was to be tried during the municipal liability phase.[5] Because De Anda alleged that all of the defendants were individually liable for the same constitutional injury, there was no reason to try the issue of Binkley's liability in a separate phase. *Cf. Larez v. City of Los Angeles,* 946 F.2d 630, 640 (9th Cir.1991) (stating that issue of police chief's individual liability was properly tried in a separate phase when based on a distinct theory). Further, the municipal liability phase of the trial was rendered moot, and De Anda never had an opportunity to present evidence that Binkley was liable as a member of the alleged conspiracy. For these reasons, we conclude that the district court abused its discretion. On remand, the district court must insure that the liability of each of the alleged conspirators is tried in a single phase of the trial.

### B. Evidence of the Outcome of the Preliminary Hearing

■ De Anda argues that the district court erred in excluding evidence that the state court dismissed his criminal charges at his preliminary hearing. According to its order denying the new trial motion, the district court found that this evidence was irrelevant. We will reverse such a ruling only for

---

**4.** Although we reverse the judgment of the district court and remand for a new trial, we nonetheless consider the other issues presented in this appeal which could arise in a new trial. *Cf. United States v. Lucas,* 963 F.2d 243, 247 (9th Cir.1992).

**5.** We question whether a separate municipal liability phase will be necessary on remand. Since

Binkley, who appears to be Long Beach's police policymaker, will be included in the first phase of the new trial, a municipal liability phase would likely be duplicative. *See Pembaur v. City of Cincinnati,* 475 U.S. 469, 481, 106 S.Ct. 1292, 1299, 89 L.Ed.2d 452 (1986) *(cited in Larez v. City of Los Angeles,* 946 F.2d 630, 646 (9th Cir. 1991) (stating that evidence showing unconstitutional acts were ratified by a police chief would suffice for municipal liability)).

a clear abuse of discretion. *Davis,* 927 F.2d at 1484.

 Because a dismissal at a preliminary hearing has no preclusive effect under California law, *see People v. Uhlemann,* 9 Cal.3d 662, 108 Cal.Rptr. 657, 666–67, 511 P.2d 609, 618–19 (1973),[6] proof of the dismissal of the criminal charges against De Anda could have been presented to the jury only if it was admissible as evidence. Under Federal Rule of Evidence 401, evidence is relevant if it has a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." In section 1983 actions, the existence of probable cause is a question for the jury, *see Smiddy v. Varney,* 665 F.2d 261, 265 (9th Cir.1981), *cert. denied,* 459 U.S. 829, 103 S.Ct. 65, 74 L.Ed.2d 66 (1982), and the determination of that issue depends on whether "the facts and circumstances within . . . the officers' knowledge and of which they had reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed." *Dunaway v. New York,* 442 U.S. 200, 208 n. 8, 99 S.Ct. 2248, 2254 n. 8, 60 L.Ed.2d 824 (1979) (internal punctuation omitted). Thus, to be relevant, the dismissal must make the issue of the existence of probable cause more or less likely.

 Although the absence of "sufficient cause to believe the defendant guilty of a public offense" is a basis for dismissing criminal charges under California Penal Code § 871, a dismissal under this provision is not necessarily relevant to the existence of probable cause. A preliminary hearing is a *post facto* determination of probable cause that is concerned primarily with whether the prosecution meets its burden of proof, *see generally Mills v. Superior Court,* 42 Cal.3d 951, 232 Cal.Rptr. 141, 143–46, 728 P.2d 211, 213–17 (1986), and, at least in some instances, can result in a dismissal of criminal charges even though the existence of probable cause is not considered. In *Heath v. Cast,* 813 F.2d 254 (9th Cir.1987), we affirmed the exclusion of evidence of the dismissal of criminal charges under Federal Rule of Evidence 403, finding that the dismissal was not probative of whether the arresting officers acted with probable cause or used excessive force. *Id.* at 260. We noted that the criminal charges were dismissed on the plaintiff's motion and without opposition from the prosecution. *Id.*

 Similarly, the dismissal of De Anda's criminal charges does not make the existence of probable cause more or less likely. De Anda's charges were apparently dismissed because certain witnesses and physical evidence, although produced in the district court, were unavailable on the day of the preliminary hearing.[7] There is an obvious difference in the evidentiary value of a dismissal for lack of probable cause based on

---

6. California courts recognize that "a magistrate's dismissal of criminal charges following a preliminary examination does not bar the People from refiling the same charges before another magistrate or seeking an indictment based on those charges." *Uhlemann,* 108 Cal.Rptr. at 658, 511 P.2d at 610; *see also Landrum v. Superior Court,* 30 Cal.3d 1, 177 Cal.Rptr. 325, 333, 634 P.2d 352, 360 (1981) (holding that an initial dismissal was not a bar to second prosecution). Thus, a dismissal at a preliminary hearing is not a final determination of the lack of probable cause. *See Uhlemann,* 108 Cal.Rptr. at 659–60, 511 P.2d at 611–12.

In addition to the determination of probable cause at a preliminary hearing under section 871, California Penal Code §§ 995 and 1385 authorize the dismissal of felony charges for lack of probable cause. Section 995 authorizes the magistrate, on the defendant's motion, to set aside the indictment and discharge the defendant

if it finds that no probable cause exists. Section 1385 permits a magistrate or judge, either sua sponte or on application of the prosecution, to dismiss a criminal action. Sections 999 and 1387, however, allow a dismissed action to be refiled one time. Thus, the prosecution is "given one 'free' dismissal before the statutory bar to prosecution takes effect." *Schlick v. Superior Court,* 4 Cal. 4th 310, 14 Cal.Rptr.2d 406, 408, 841 P.2d 926, 928 (Cal.1992). Therefore, an initial dismissal for lack of probable cause is never a binding determination of the lack of probable cause. Indeed, in some instances, even a second dismissal is not binding. *See People v. Mayo,* 185 Cal.App.3d 389, 229 Cal.Rptr. 762, 766 (1986) (holding that a second dismissal of a felony is reviewable in superior court).

7. A magistrate is powerless to postpone a preliminary hearing to another session absent a prosecution showing of good cause. *See* California Penal Code § 861.

the consideration of relevant evidence and a dismissal on procedural grounds. As in *Heath,* the probative value of the dismissal of the criminal charges against De Anda was dubious, and the district court acted within its discretion in excluding it.

## C. Limitation of Binkley's Examination

De Anda argues that the district court erred in precluding his examination of Binkley with respect to Binkley's recantation and inconsistent deposition testimony regarding the scene of De Anda's shooting. The district court noted that, in addition to Binkley's explanation of the inconsistency, portions of Binkley's deposition were shown and read to the jury. Based on the presentation of this evidence, the court found that "the jury was fully informed of [Binkley's] confusion and error.... Plaintiff's attorney had made his point and the impact of the Binkley's admission was left to the jury." With regard to such decisions, we have acknowledged that a district court may exclude cumulative evidence under Federal Rule of Evidence 403, *see Davis,* 927 F.2d at 1484, and that, even in the context of a jury trial, the court has considerable discretion to limit the examination of a witness, *see United States v. Gomez,* 846 F.2d 557, 559 (9th Cir.1988).

In this case, however, the excluded testimony was not cumulative. Binkley testified at trial that he was mistaken in his deposition about going to the scene of the shooting, that he had confused this incident with another one and that, consequently, he had never conferred with an officer or seen a gun lying near De Anda at the scene. But in his deposition, Binkley testified at some length and with considerable detail regarding what he had observed at the scene, corroborating Burgess' and Davenport's versions of incident. These facts make the existence of a conspiracy among the defendants to violate De Anda's civil rights more likely. Further, although the district court stated in its order denying De Anda's new trial motion that specific parts of Binkley's deposition were presented to the jury, the record shows that none of those portions related to Binkley's "observations" at the scene of the shooting. Thus, in limiting Binkley's examination, the district court impaired De Anda's ability to prove that his civil rights were violated and, specifically, for purposes of his civil rights conspiracy claim, that there may have been an agreement among the arresting officers and Binkley to violate his civil rights. *See Ting v. United States,* 927 F.2d 1504, 1512 (9th Cir.1991); *Dooley v. Reiss,* 736 F.2d 1392, 1394–95 (9th Cir.), *cert. denied,* 469 U.S. 1038, 105 S.Ct. 518, 83 L.Ed.2d 407 (1984).

While the district court has authority to limit the examination of witnesses, its allowing Binkley to present his explanation of the inconsistency between his deposition and trial testimony without allowing De Anda to present evidence supporting an inference to the contrary was a clear abuse of discretion. Nor can we say, based on the crucial nature of the excluded evidence, that the district court's error was harmless under Federal Rule of Civil Procedure 61. Therefore, we reverse and remand for a new trial.

**AFFIRMED** in part, **REVERSED** in part and **REMANDED.**