17 F.3d 397
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Earl YELLOW, Defendant-Appellant.
 No. 93-10354.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1994.*
Decided Feb. 17, 1994.
 
 Before: SCHROEDER, CANBY, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael Earl Yellow appeals his convictions following jury trial for aggravated sexual abuse in violation of 18 U.S.C. Secs. 1153, 2241(a)(1) and sexual abuse of a minor in violation of 18 U.S.C. Secs. 1153, 2243(a). Yellow contends the district court abused its discretion by restricting cross examination of the victim. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 We review for abuse of discretion the district court's decision to limit cross examination. United States v. Brown, 936 F.2d 1042, 1048-49 (9th Cir.1991).
 
 
 4
 Although the extent of a defendant's right to confront witnesses through cross examination must be sufficient to allow the jury to evaluate the witness's general credibility, biases, and motivations, Evans v. Lewis, 855 F.2d 631, 634 (9th Cir.1988), the district court has considerable discretion to limit cross examination to prevent delay or cumulative evidence, United States v. Gomez, 846 F.2d 557, 559 (9th Cir.1988). Accordingly, we evaluate whether the " 'jury is otherwise in possession of sufficient information upon which to make a discriminating appraisal of the subject matter at issue.' " Brown, 936 F.2d at 1049 (quoting Skinner v. Cardwell, 564 F.2d 1381, 1389 (9th Cir.1977), cert. denied, 435 U.S. 1009 (1978)).
 
 
 5
 On direct examination, G.S., Yellow's thirteen-year-old niece, described her efforts to secure a ride home from school from 3:30 p.m. until 11:00 p.m., when she arrived at her grandfather's trailer.[1] G.S. testified that Yellow raped her as they walked to a friend's house around midnight. On cross examination, Yellow questioned G.S. about the details of her efforts to secure a ride. The district court directed Yellow to "put some time frames" on his questions because "otherwise, it is a waste of time, confusing to the jury, and extending the proceedings." The district court also indicated that although the government had "invited all of this minutiae" into G.S.'s journey to her grandfather's trailer, "we are not going to go through where she went first, where she went second, who she asked, and what they told her."
 
 
 6
 The record does not support Yellow's contention that the district court restricted his cross examination and prevented his attack on G.S.'s credibility. Despite the district court's direction, Yellow in fact cross examined G.S. about the chronology of her search for a ride. During cross examination, G.S. testified that (1) although Seschilly offered to take her home at 8:00 p.m., G.S. did not wait and (2) she declined a ride from Archie Yellow's friend.[2] Because the extent of cross examination which actually occurred provided the jury with sufficient information to assess G.S.'s credibility, the district court's ruling was not an abuse of discretion. See Brown, 936 F.2d at 1049; Evans, 855 F.2d at 634.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 According to G.S., when her cousin/friend, D.W., was kicked off the school bus at 3:30 p.m., G.S. decided to wait at school with her to see if their parents would show up. After stopping at a friend's house, the girls walked to the hospital where Claudia Seschilly, G.S.'s grandfather's girlfriend, worked. Seschilly offered the girls a ride home when her shift ended at 8:00 p.m., but the girls grew impatient and walked to the high school's homecoming football game to secure a ride. After the game, they unsuccessfully sought rides from another friend and G.S.'s aunt. They then walked to G.S.'s grandfather's trailer, arriving about 11:00 p.m. G.S.'s uncle, Archie Yellow, informed the girls that his friend, Lawrence Curtis, could give them ride. G.S. declined, stating she was too tired. About midnight, Michael Yellow told G.S. that his friend, who lived in a nearby trailer park, could give them a ride in the morning. G.S. left with Yellow to arrange the ride and on the way, he raped her
 
 
 [2]
 Yellow also elicited similar testimony from D.W., Seschilly, Archie Yellow, Lawrence Curtis, Annette McCabe, and Ned Yellow. In addition, a major theme of Yellow's closing argument was that G.S.'s version was not credible because she had declined two rides during the evening, but left at midnight to seek a ride from a friend of Yellow's