21 F.3d 1113
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Larry D. JAMERSON, Petitioner-Appellant,
v.
STATE OF CALIFORNIA, Respondent-Appellee.
 No. 93-15617.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1994.*
Decided April 22, 1994.
 
 Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Larry D. Jamerson, a California state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. Sec. 2254 petition for a writ of habeas corpus. Jamerson challenges his conviction for assault with a deadly weapon, a violation of Cal.Penal Code Sec. 245(a)(1). We have jurisdiction pursuant to 28 U.S.C. Sec. 2253, and we review de novo. Thomas v. Lewis, 945 F.2d 1119, 1122 (9th Cir.1991). We affirm.
 
 
 3
 Jamerson contends that (1) his due process rights were violated when the prosecutor charged him with assault with a deadly weapon (a knife) following a preliminary hearing at which the magistrate determined that there was no probable cause to charge him with use of a knife, (2) his counsel was ineffective for failing to file a motion to dismiss the information based on this discrepancy, and (3) the trial court erroneously instructed the jury. These contentions are without merit.
 
 Probable Cause
 
 4
 After a preliminary hearing at which the victim testified, the magistrate determined that there was no evidence to show that Jamerson ever held the knife allegedly used in the assault. The magistrate went on to state that there was sufficient evidence to show that Jamerson had committed an assault by means of force likely to produce great bodily injury.[1] Following the preliminary hearing, the prosecutor charged Jamerson with assault with a deadly weapon. Jamerson contends that his due process rights were violated when he was recharged and tried for an offense after the magistrate determined that there was no probable cause for that charge.
 
 
 5
 Under California law, a magistrate's determination that no probable cause exists to support a charge does not bar the prosecution from refiling the charge. De Anda v. City of Long Beach, 7 F.3d 1418, 1422 n. 6 (9th Cir.1993). Such a determination has no preclusive effect, and is not a final decision. Id. at 1422. Furthermore, there is nothing in the Constitution which prohibits the refiling of a charge that was dismissed at the preliminary hearing for lack of probable cause. Jamerson was found guilty by a jury beyond a reasonable doubt. He has not argued that the evidence against him was constitutionally insufficient to support a conviction for assault with a deadly weapon. See Jackson v. Virginia, 443 U.S. 307, 324 (1979). Nor has Jamerson argued that he had constitutionally inadequate notice of the charges against him. See id. at 314. Accordingly, Jamerson has not alleged a violation of his constitutional rights and is thus not entitled to habeas corpus relief. See Estelle v. McGuire, 112 S.Ct. 475, 480 (1991).
 
 Ineffective Assistance of Counsel
 
 6
 Jamerson also contends that his counsel's failure to file a motion to dismiss the information based on the refiling of the deadly weapon charge constitutes ineffective assistance of counsel. This contention has no merit.
 
 
 7
 To show ineffective assistance of counsel, a defendant must demonstrate that his counsel's performance was deficient, and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); Iaea v. Sunn, 800 F.2d 861, 864 (9th Cir.1986). We exercise a strong presumption that counsel's conduct falls "within the wide range of reasonable assistance, and that he exercised acceptable professional judgment in all significant decisions made." Hughes v. Borg, 898 F.2d 695, 702 (9th Cir.1990); see Strickland, 466 U.S. at 690 ("counsel is strongly presumed to have rendered adequate assistance"). To satisfy the prejudice requirement, the defendant must show a reasonable probability that, absent the errors of counsel, the jury would have had a reasonable doubt regarding his guilt. Strickland, 466 U.S. at 695.
 
 
 8
 Here, Jamerson's attorney made a motion to set aside the information pursuant to Cal.Penal Code Sec. 995. This motion was based on the fact that the victim took the Fifth Amendment at the preliminary hearing and refused to answer any questions involving her own drug use. Jamerson's counsel did not argue that the information should have been dismissed because of the recharging of the deadly weapon allegation.
 
 
 9
 We need not determine whether counsel's failure to base his motion to dismiss the information on this discrepancy constitutes deficient performance, because we find that Jamerson cannot show prejudice resulting from counsel's acts. See Strickland, 466 U.S. at 687. Assuming, arguendo, that such a motion would have been granted, this would not bar a subsequent prosecution for the same offense. See Cal.Penal Code Sec. 999. There was ample evidence presented to the jury from which a reasonable factfinder could have found beyond a reasonable doubt that Jamerson committed an assault with a deadly weapon. See Jackson, 443 U.S. at 319. The victim testified that she felt a pain in her back and left side, the treating physician testified that the victim suffered stab wounds, and Jamerson testified that he and the victim struggled over a knife, which later broke when it entered the victim. Based on this evidence, Jamerson cannot show that counsel's failure to move to dismiss the information based on the deadly weapon charge was prejudicial. See Strickland, 466 U.S. at 687; Iaea, 800 F.2d at 864.
 
 Jury Instructions
 
 10
 An allegedly improper jury instruction will merit habeas relief only if "the instruction by itself so infected the entire trial that the resulting conviction violates due process." Estelle v. McGuire, 112 S.Ct. 475, 482 (1991) (quoting Cupp v. Naughten, 414 U.S. 141, 147 (1973)). It is not sufficient for the petitioner to show the instruction is erroneous; the petitioner must establish that there is a reasonable likelihood that the jury applied the instruction in a manner that violated a constitutional right. Carriger v. Lewis, 971 F.2d 329, 334 (9th Cir.1992) (en banc), cert. denied, 113 S.Ct. 1600 (1993).
 
 
 11
 Jamerson contends that the trial court erred by giving the jury an instruction regarding consciousness of guilt[2] without also giving certain cautionary instructions.[3] The California Court of Appeal agreed that this was an error of state law, but concluded that the error was harmless. The Court further stated that "the evidence against [Jamerson] was especially compelling," and thus, that he could not show prejudice from failure to give the cautionary instructions.
 
 
 12
 Jamerson contends that he was prejudiced by the trial court's failure to instruct the jury to regard evidence of an oral confession or admission with caution. Specifically, he argues that a witness testified that Jamerson told her the victim was trying to steal $50 from his person, but that Jamerson had only one dollar and change when he was booked at the police station. Jamerson contends that he in fact stated that the victim was trying to steal money from his chest of drawers, not from his person.
 
 
 13
 However, it is difficult to see what difference the cautionary instructions would have made in this context. The statements allegedly made by Jamerson were neither confessions nor admissions. Furthermore, there is no evidence that the jury misapplied the consciousness of guilt instruction in a manner that violated Jamerson's constitutional rights. See Carriger, 971 F.2d at 334. We agree with the California Court of Appeal that the evidence against Jamerson was especially compelling. Accordingly, Jamerson has not shown that the jury instructions so infected the entire trial that his conviction violates due process. See Estelle, 112 S.Ct. at 482.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The statute, Cal.Penal Code Sec. 245(a)(1), is phrased in the alternative: it may be violated by assault with a deadly weapon or by assault by means of force likely to produce great bodily injury
 
 
 [2]
 The instruction given reads as follows: "If you find that before this trial the defendant made a willfully false or deliberately misleading statement concerning the crimes for which he is now being tried, you may consider such statement as a circumstance tending to prove consciousness of guilt. However, such conduct is not sufficient by itself to prove guilt, and its weight and significance, if any, are matters for your determination."
 
 
 [3]
 Jamerson contends that the trial court should have instructed the jury using CALJIC 2.70 and 2.71, which define confessions and admissions, advise the jury that it is the exclusive judge of whether the defendant made a confession or an admission and, if so, whether the statement is true in whole or in part. Each instruction also tells the jury that evidence of an oral confession or admission should be viewed with caution