UNITED STATES of America, Plaintiff–Appellee,

v.

**James Clifford BAKER, Defendant–Appellant.**

No. 01–5643.

United States Court of Appeals, Sixth Circuit.

Oct. 31, 2002.

Before KENNEDY, NORRIS, and BATCHELDER, Circuit Judges.

BATCHELDER, Circuit Judge.

James Clifford Baker appeals the order of the district court denying his motion to suppress evidence obtained by officers of the Bradley County, Tennessee, Sheriff's Department, as a result of a traffic stop of the vehicle in which he was a passenger. Baker was charged with one count of possession with intent to distribute more than 300 grams of methamphetamine in violation of 21 U.S.C. § 841(a)(1). He entered a conditional plea of guilty, reserving the right to appeal the denial of his motion to suppress. Baker contends on appeal, as he did before the district court, that the stop of the vehicle was pretextual and, because the officers had no reasonable and articulable suspicion of criminal activity to justify the search of the vehicle, the warrantless search was unconstitutional. Because we conclude that the stop was not pretextual, and the search was justified by the officers' discovery of marijuana in plain view in the vehicle, we will affirm the judgment of the district court.

When considering the denial of a motion to suppress, we review the district court's findings of fact for clear error and its conclusions of law de novo. *United States v. Johnson*, 242 F.3d 707, 709 (6th Cir. 2001). We must view the evidence "in the light most likely to support the district court's decision." *United States v. Braggs*, 23 F.3d 1047, 1049 (6th Cir.1994) (quoting *United States v. Gomez*, 846 F.2d 557, 560 (9th Cir.1988)).

The district court found that detectives Whittemore and Longley of the Bradley County Sheriff's Department were doing surveillance of a used car lot known to be the location of illegal drug trafficking; that during this surveillance, the detectives saw in that lot a pickup truck pulling a bass boat on a trailer; that they wanted to get a license number from the truck, but the license plate was obscured by the trailer; that the officers followed the truck when it left the lot, and discovered that the trailer had no operative tail lights, which was a violation of Tennessee law; and the truck and trailer were traveling at dusk when the absence of tail lights on the trailer could pose a safety hazard. The district court further found that after the detectives pulled the truck and trailer over, detective Whittemore approached the passenger side of the truck and observed in plain view through the passenger side window an open gym bag out of which protruded a clear plastic bag containing plant material that the detective recognized as marijuana. The detective asked Baker whether this was all the marijuana he had, and Baker replied that it was. The detectives then searched the bag and found methamphetamine as well as the marijuana.

Baker does not dispute any of these findings. Rather, he contends that the detectives' concession at the suppression hearing that they had followed the truck for the purpose of gaining information about it in relation to their narcotics investigation was in effect a concession that their stop of the truck was pretextual. Because the stop was pretextual, Baker argues, the subsequent search violated his rights under the Fourth Amendment.

The district court correctly rejected Baker's contentions. The Supreme Court made it clear in *Whren v. United States*, 517 U.S. 806, 810, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996), that so long as the officers have probable cause to believe that a traffic violation has occurred, their stop of the vehicle is constitutionally reasonable. "Subjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis," the Court conclud-

ed. *Id.* at 813, 116 S.Ct. 1769. There is no dispute that the trailer being pulled by the truck in which Baker was a passenger had no operative tail lights, in violation of Tennessee law. The subjective motivations of the detectives in following the truck and trailer are therefore immaterial.

Baker argues that this case is distinguishable from *Whren* and from cases in this circuit following *Whren,* because in those cases the officers had specific and articulable reasons to believe that the occupants of the vehicles were engaging in illegal activity other than the traffic violations that occasioned the stops. He points to *United States v. Hill,* 195 F.3d 258 (6th Cir.1999), in which the arresting officer admitted that he initially had been following the U–Haul trailer that he eventually stopped for speeding, not because of its speed but because trailers of that kind were commonly used for drug trafficking. In that case, however, although we expressed some concern about the potential for abuse inherent in the *Whren* principle, we upheld the search because the traffic stop was legitimate, regardless of the officers' avowed reason for following the vehicle.

Baker's attempt to demonstrate that the search of the vehicle is unconstitutional under the rationale of *Knowles v. Iowa,* 525 U.S. 113, 119 S.Ct. 484, 142 L.Ed.2d 492 (1998) is similarly misguided. At issue in *Knowles* was whether a full search of a vehicle pursuant to the issuance of a traffic citation, as authorized by state statute, violates the Fourth Amendment. The Supreme Court held that where the officers do not make a custodial arrest, but issue a citation only, such a search is unconstitutional. *Id.* at 114. *Knowles* did not involve contraband in plain view in the vehicle lawfully stopped for the traffic violation, and that case is inapposite here.

In sum, we find no merit to Baker's claims. The detectives' stop of the truck in which Baker was riding was a permissible traffic stop because the truck was pulling a trailer with no operative rear lights in violation of Tennessee law. Because the stop was lawful, the detectives had a legitimate reason to approach the occupants in the vehicle. When detective Whittemore approached the truck, he saw the gym bag and the plastic bag of plant material protruding from the top of the gym bag, all in plain view inside the truck. The detectives' search and seizure of the gym bag and its contents was permissible, because the illegal character of the contents was immediately apparent. *United States v. Reed,* 141 F.3d 644, 649 (6th Cir.1998).

Accordingly, we affirm the judgment of the district court denying the motion to suppress.