NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FRANCISCO CABRERA,

Petitioner - Appellant,

v.

JAMES YEATS, Warden,

Respondent - Appellee.

No. 10-55529

D.C. No. 3:09-cv-01330-H-PCL

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Submitted April 5, 2011[**]

Before:      B. FLETCHER, CLIFTON, and BEA, Circuit Judges.

California state prisoner Francisco Cabrera appeals pro se from the district court's judgment denying his 28 U.S.C. § 2254 habeas petition. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Cabrera contends that his right to due process was violated when the district attorney refiled a rape charge after a magistrate judge had determined there was no probable cause to support the charge. Cabrera's challenge appears to relate to the California Court of Appeal's application of state law, and therefore is not cognizable on federal habeas review. *See* 28 U.S.C. §2254(a); *see also Estelle v. McGuire*, 502 U.S. 62, 67 (1991).

To the extent Cabrera raises a cognizable due process claim, the claim fails because Cabrera received notice of the charges and sufficient evidence supports his conviction. *See Jackson v. Virginia*, 443 U.S. 307 (1979); *see also De Anda v. City of Long Beach*, 7 F.3d 1418, 1422 (9th Cir. 1993) (stating that a dismissal at a preliminary hearing is not a final determination of the lack of probable cause). Accordingly, the state court's rejection of his claim was not contrary to, or an unreasonable application of, clearly established federal law, nor was it based on an unreasonable determination of facts in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d).

We construe appellant's additional arguments as a motion to expand the certificate of appealability. So construed, the motion is denied. *See* 9th Cir. R. 22-1(e); *see also Hiivala v. Wood*, 195 F.3d 1098, 1104-05 (9th Cir. 1999) (per curiam).

Cabrera's motion for appointment of counsel is denied.

**AFFIRMED.**