*168 OPINION OF THE COURT
HARDIMAN, Circuit Judge.
Shawn Lowe appeals the District Court’s order denying his motion to suppress. Because we lack a sufficient record to decide the legal issues presented in this appeal, we will vacate and remand the matter to enable the District Court to make specific written findings of fact and conclusions of law.
I
Lowe was indicted in the Eastern District of Pennsylvania on one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The charge stemmed from an encounter in the early morning hours of September 9, 2010, during which the Philadelphia police recovered a gun from Lowe’s person after receiving an anonymous tip that someone matching his description and location was in possession of a firearm. Shortly after the indictment issued, Lowe filed a motion to suppress, arguing that the police did not have reasonable suspicion to justify their Terry stop of Lowe.
The District Court held a hearing on the motion to suppress at which three police officers and Lowe’s girlfriend, Tamika Witherspoon, testified regarding the September 9 encounter. Significant to our decision here, each witness gave accounts of the events that varied in significant respects. For example, the witnesses differed as to, inter alia: (1) when Lowe complied with the officers’ commands to freeze; (2) when Lowe complied with the officers’ commands to raise his hands; (3) whether and when the officers brandished firearms; and (4) whether and when Lowe voluntarily placed his hands on the wall. Following this testimony, the District Court heard argument from both sides and, at the conclusion of the hearing, denied the motion to suppress. With regard to the seizure, the Court stated:
They ask your client to remove his hands, and based on the testimony that is presented here he failed to present his hands.
I say based on that the police had reasonable suspicion to believe that he was carrying a gun, and for their own safety and precaution they had the right to search him....
This Court will further supplement the record in reference to findings of fact and conclusions of law as it relates to this motion to suppress.
App. 216-17. Despite its statement to the contrary, the District Court did not issue written findings of fact or conclusions of law.
On November 28, 2011, Lowe pleaded guilty pursuant to a plea agreement with the Government, in which Lowe reserved the right to appeal the denial of his motion to suppress. This appeal followed.
II[1]
On appeal, Lowe argues that the gun should have been suppressed because the police seized him before they had reasonable suspicion to effectuate the Terry stop that led to recovery of the gun. As is typical in these sorts of cases, determining the moment of seizure is a fact-bound inquiry that depends not only upon what happened during the encounter between *169 Lowe and the police, but also upon the sequence of those events. Because the events of September 9 are in dispute, we cannot adequately review the matter without specific findings of fact.
We acknowledge, of course, that the Federal Rules of Criminal Procedure do not require a district court to make written findings of fact; rather, they require the court to “state its essential findings on the record.” Fed.R.Crim.P. 12(d). Typically, when the district court makes no written findings of fact, we will “extract findings from his oral decision at the hearing,” In re Application of Adan, 437 F.3d 381, 396 (3d Cir.2006), and “we view the evidence in the light most likely to support the district court’s decision,” United States v. Gomez, 846 F.2d 557, 560 (9th Cir.1988) (citing United States v. Alfonso, 759 F.2d 728, 740 (9th Cir.1985)). In cases such as this one, however, where we are presented with conflicting versions of complex historic facts in the context of difficult legal questions, remand is the most appropriate decision. See, e.g., In re Adan, 437 F.3d at 398 & n. 8 (remand to the district court to make written factual findings because “the complicated factual history calls for a formal, written analysis of the full field of evidence to ... discharge properly our review function”); United States v. Prieto-Villa, 910 F.2d 601, 605 (9th Cir.1990) (remand to the district court to make written factual findings in a suppression case because the court of appeals “cannot evaluate Prieto’s argument as to the existence of grounds for detention without factual findings as to what happened when the police arrived”).
This case is akin to the cases just cited. Four different witnesses testified, and each gave an account of the events that differed from those of the others in important respects. Furthermore, this is not a case where we are able to infer exactly which witnesses the District Court credited. Instead, we would be forced to pick and choose portions of each witness’ testimony without knowing whether those decisions are consistent with the District Court’s view of the testimony.
In circumstances such as these, the most prudent course is to remand for the District Court to make written findings of fact and conclusions of law so that we may be able to conduct an appropriate appellate review.
Ill
For the foregoing reasons, we will vacate the order denying Lowe’s motion to suppress and remand the case to the District Court for further proceedings consistent with this opinion.

. The District Court had subject matter jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291. We review the District Court’s denial of a motion to suppress for clear error as to the underlying factual findings and we exercise plenary review of the District Court’s application of law to those facts. United States v. Perez, 280 F.3d 318, 336 (3d Cir.2002).