Opinion
 

 WALKER, J.
 

 By this writ petition we are asked to decide whether real parties in interest E. Floyd Kvamme and M. Jean Kvamme (real parties) timely filed their action in San Francisco Superior Court for refund of personal income taxes and interest paid to petitioner Franchise Tax Board (FTB). The trial court concluded that the action was timely, and overruled FTB’s demurrer to real parties’ complaint. Relying on Revenue and Taxation Code section 19384,
 
 [1]
 
 which we discuss more fully below, FTB contends that the court erred. Real parties, on the other hand, claim that when section 19384 is considered and harmonized with section 19334, their action must be viewed as timely. We conclude that the action was untimely, and issue a peremptory writ of mandate directing the trial court to enter an order sustaining FTB’s demurrer without leave to amend.
 

 
 *797
 
 Factual and Procedural Background
 

 The underlying suit is an action for refund of personal income taxes in which real parties seek to recover from petitioner $71,912.55 of taxes and interest paid, plus accrued interest from the date of payment for the 1986 tax year. The case has its origin in the denial by petitioner of real parties’ claim for refund of taxes and interest, which was appealed to and denied by the State Board of Equalization (the Board). Following the Board’s denial of real parties’ petition for rehearing, they filed an action in the trial court pursuant to section 19382 on March 13, 1997.
 
 [2]
 

 The petitioner filed a demurrer to real parties’ complaint, asserting that the trial court lacked subject matter jurisdiction (Code Civ. Proc., §430.10, subd. (a)) and that the complaint failed to state a cause of action (Code Civ. Proc., § 430.10, subd. (e)), each of which grounds were based upon the contention that real parties failed to file the complaint within the applicable statute of limitations as provided for in section 19384. The trial court overruled the demurrer holding that real parties’ complaint was timely filed. It is from this order that petitioner asks this court to issue its peremptory writ of mandate directing respondent superior court to set aside and vacate its order overruling the FTB’s demurrer and enter an order sustaining the demurrer without leave to amend on the ground of lack of subject matter jurisdiction.
 

 The pertinent procedural facts alleged in the complaint are as follows: “Plaintiffs timely filed an amended joint tax return for the taxable year ended December 31, 1986, which revised the treatment of the excluded portions of the gains from sales of the Stock so that they were not included in tax preference income, pursuant to former California Revenue and Taxation Code Section 17063.11, on the ground that the Stock qualified as small business stock for purposes of Section 17063.11 . . . .” “Defendant audited plaintiffs’ amended joint income tax return for 1986 and issued a Notice of Proposed Additional Tax (‘NPA’), dated December 13, 1989, proposing to assess additional income and preference taxes in the amount of $53,908.43 and interest in the amount of $18,004.12, for a total of $71,912.55. Plaintiffs timely filed a protest against the proposed assessment under the NPA with defendant. In January 1990, plaintiffs paid under protest the amounts of tax
 
 *798
 
 and interest proposed to be assessed under the NPA ($71,912.55) and concurrently filed a claim for refund with defendant to recover the same. Defendant denied plaintiffs’ claim for refund by letter dated December 21, 1990. . . .” “On March 21, 1991, plaintiffs timely filed with the State Board of Equalization an appeal from defendant’s erroneous denial of plaintiffs’ claim for refund. The State Board, by decision dated April 11, 1996, affirmed the action of defendant in denying plaintiffs’ claim for refund. Plaintiffs timely filed a petition for rehearing with the State Board of Equalization. On November 13, 1996, the State Board of Equalization entered an order denying plaintiffs’ petition for rehearing; such order became final on December 13, 1996. . . .”
 

 On the same day that the Board denied the petition for rehearing and affirmed its prior ruling (Nov. 13, 1996), it gave real parties’ counsel notice of the action it had taken. The instant suit was filed on March 13, 1997, more than 90 days beyond, however within 120 days, of the Board’s notice of decision. Petitioner asserts that the statute of limitations commenced to run on November 13, 1996, the date it gave notice, and thus expired 90 days thereafter on February 11, 1997. On the other hand, real parties contend that the 90 days commenced to run on December 13, 1996, the date the notice became final. Thus, they claim, the action filed on March 13, 1997, having been filed within 120 days, was timely.
 

 Discussion
 

 a.
 
 Rules Applicable to Statutory Interpretation
 

 Because our principal task is one of determining legislative intent, we commence our analysis by restating the well-worn rules of statutory interpretation. Clearly the court should ascertain the intent of the Legislature so as to effectuate the purpose of the law.
 
 (Select Base Materials
 
 v.
 
 Board of Equal.
 
 (1959) 51 Cal.2d 640, 645 [335 P.2d 672].) “In determining such intent ‘[t]he court turns first to the words themselves for the answer.’ ”
 
 (Moyer
 
 v.
 
 Workmen’s Comp. Appeals Bd.
 
 (1973) 10 Cal.3d 222, 230 [110 Cal.Rptr. 144, 514 P.2d 1224].) The court is bound “to give effect to statutes according to the usual, ordinary import of the language employed in framing them.”
 
 (Rich
 
 v.
 
 State Board of Optometry
 
 (1965) 235 Cal.App.2d 591, 604 [45 Cal.Rptr. 512];
 
 California Teachers Assn.
 
 v.
 
 San Diego Community College Dist.
 
 (1981) 28 Cal.3d 692, 698 [170 Cal.Rptr. 817, 621 P.2d 856].) “ ‘When statutory language is . . . clear and unambiguous there is no need for construction, and
 
 courts should not indulge in it.’
 
 [Citation.]”
 
 (Delaney
 
 v.
 
 Superior Court
 
 (1990) 50 Cal.3d 785, 800 [268 Cal.Rptr. 753, 789 P.2d 934].) “The plain meaning of words in a statute may be disregarded only
 
 *799
 
 when that meaning is ‘ “repugnant to the general purview of the act,” or for some other compelling reason ....’”
 
 (DaFonte
 
 v.
 
 Up-Right, Inc.
 
 (1992) 2 Cal.4th 593, 601 [7 Cal.Rptr.2d 238, 828 P.2d 140].)
 

 In addition to the various corollaries of the “plain meaning doctrine,” real parties argue we should consider the following guidelines. First, where a statute, such as section 19334, prescribes the meaning of a particular term (here the term “final”), that meaning is generally binding on a court and must be employed in construing related statutes.
 
 (Urban Renewal Agency
 
 v.
 
 California Coastal Zone Conservation Com.
 
 (1975) 15 Cal.3d 577, 584-585 [125 Cal.Rptr. 485, 542 P.2d 645].) Second, wherever reasonable we should indulge in statutory interpretations that produce internal harmony, avoid redundancy and accord a significance to each word in the phrase.
 
 (Pacific Legal Foundation
 
 v.
 
 Unemployment Ins. Appeals Bd.
 
 (1981) 29 Cal.3d 101, 114 [172 Cal.Rptr. 194, 624 P.2d 244].) Third, every statute should be construed with reference to all other statutes of similar subject so that each part of the law as a whole may be harmonized and given effect.
 
 (Landrum
 
 v.
 
 Superior Court
 
 (1981) 30 Cal.3d 1, 14 [177 Cal.Rptr. 325, 634 P.2d 352].) From this hodgepodge of potentially conflicting rules we divine the meaning of “final” as intended by the Legislature when enacting sections 19334 and 19384.
 

 b.
 
 Interpretation of Sections 19384 and 19334
 

 A decision in this matter rests squarely on our interpretation of sections 19384 and 19334, which we set out now in relevant part. Section 19384 addresses the statute of limitations applicable to actions brought by taxpayers to recover amounts paid to the FTB, and provides in part that “[t]he action . . . shall be filed . . . within 90 days after ...(b) final notice of action by the State Board of Equalization on an appeal from the action of the Franchise Tax Board on a claim for refund . . . .” Section 19334 pertains to the time after which a determination by the FTB on a taxpayer’s appeal becomes final. The section provides as follows: “The determination of the board [on a taxpayer’s appeal] is final upon the expiration of 30 days from the date of the determination unless within the 30-day period, the taxpayer or Franchise Tax Board files a petition for rehearing with the board. In that event the determination becomes final upon the expiration of 30 days from the date the board issues its opinion on the petition.”
 

 The sole issue before this court is whether real parties filed their suit for tax refund within section 19384’s time limitation. FTB contends that the clear and unambiguous language of section 19384 provides for a 90-day statute of limitations, which is triggered by the Board’s issuance of its final
 
 *800
 
 notice of action. In this case, therefore, FTB claims the statute began to run when the Board issued its notice denying real parties’ petition for rehearing on the FTB’s denial of their appeal from a denied refund claim. On the other hand real parties assert that section 19384 must be harmonized with section 19334, thereby imparting a requirement that the Board’s notice become final before the 90 days will commence to run. They argue that since under section 19334 the “notice” denying rehearing was not final for 30 days following its receipt, real parties had a total of 120 days within which to file their action.
 

 Real parties argue that since the Board’s “action” is its “determination” the phrase “notice of action” has the same meaning as “notice of its determination” thus the “notice of action” and “determination” are not separate and distinct concepts but are inextricably linked together. Based upon this confusing analysis, real parties make a quantum leap concluding the date of
 
 the final notice of action
 
 is equivalent to the date when the
 
 notice of action becomes final.
 
 Thus, they
 
 argue the date
 
 upon which the notice of action becomes final is the trigger for the statute of limitations. Stated differently they assert in order to harmonize the meaning of the word “final” as used in section 19334 (“determination becomes final”) with its use in section 19384 (“final notice of action”), we should conclude that the notice must become final prior to the commencement of the statute of limitations period. In making this argument real parties overlook the fact that in the English language we assign different meanings to identical words. The word “final” has a myriad of definitions the selection of which depends upon the context in which it is used. As pertinent to this case we glean two possible meanings. “Final” can either be defined as the last of a series of acts or events or it can mean “conclusive” in the sense that no further act is necessary prior to the enforcement of a decision.
 

 In ascribing meaning to the word “final” as contained in sections 19334 and 19384 we must look to the legislative purpose of each of those sections to determine the context in which the word is used. The environment in which the word “final” exists in section 19384 is one concerning a statute of limitations. The clear legislative purpose of such a statute is to impose a time limit within which an action can be filed and to select a point in time that triggers the commencement of that limiting period. From a reading of section 19384 it is crystal clear that the adjective “final” modifies the word “notice,” not the word “determination” as it appears in section 19334. We conclude that the word “final” as it appears in the phrase “final notice of action” refers to the last point in time of two possible actions, either the original decision of the Board on the appeal or its decision following the request for rehearing.
 

 
 *801
 
 On the other hand the plain meaning of the language contained in section 19334 discloses a legislative purpose to set a point in time after which no appeal may be made to the Board (30 days from that determination) in order to allow for the enforcement of its decision. Thus section 19334 concerns when the determination of the Board becomes final by stating “the determination becomes final upon the expiration of 30 days from the date the Board issues its opinion on the petition.” Placing the word “final” in context, the word takes on a meaning of conclusiveness or closure; that is, the word “final” means the action is concluded for purposes of allowing enforcement.
 

 In asserting that the “final notice of action” is equivalent to the “notice becoming final” real parties equate “notice” with “determination.” These two terms, however, embody two entirely different concepts. The word “determination” as used in section 19334 refers to the decision or action of the Board. The word “notice” in section 19384 simply means a communication intended to apprise a person of the Board’s determination, decision or action. The notice as provided for by section 19384 imparts to the recipient knowledge of the Board’s determination. In that context the terms are linked but by definition have entirely separate meanings.
 

 Undaunted, real parties argue it would be illogical to interpret section 19384 so as to commence the statute of limitations period on the date of notice. They contend that since the action is not final until the passage of 30 days the statute of limitations would in effect be shortened to 60 days. This argument is flawed, however, since regardless of the finality of the determination, the party has a full 90 days from the date of notice within which to file suit. Real parties argue that section 19334 prescribes the meaning of the term “final” and that that meaning is thus binding upon the court in construing section 19384. They overlook the fact that no definition of the word “final” appears in section 19334. Lastly, real parties assert that wherever reasonable, statutory interpretation that produces internal harmony, avoids redundancy and accords significance to each word and phrase is preferred. We perceive no dissonance in ascribing to the word “final” different meanings consistent with the context in which they are used. Redundancy is avoided and each is accorded significance.
 

 Conclusion
 

 We conclude that the term “final” as used by the Legislature in section. 19384 means the last chronological notice of decision given by the Board. Because the last notice by the Board of its decision denying the rehearing
 
 *802
 
 and reaffirming its initial determination was given on November 13, 1996, the action was untimely, not having been filed within 90 days of that date. The peremptory writ of mandate shall issue directing respondent superior court to set aside and vacate its order overruling the petitioner FranchiseTax Board’s demurrer and commanding it to enter an order sustaining the demurrer without leave to amend. Costs awarded to the petitioner.
 

 Phelan, P. J., and Parrilli, J., concurred.
 

 The petition of real parties in interest for review by the Supreme Court was denied July 15, 1998.
 

 [1]
 

 All statutory references are to the Revenue and Taxation Code.
 

 [2]
 

 The substantive controversy in this case involves a dispute between real parties and petitioner as to whether the capital gains realized by real parties on the sale of shares of stock of certain high-technology companies, which real parties had received in pro rata, tax free distributions from certain venture capital investment partnerships in which they were partners, qualified as “small business stock” entitled to the tax benefits afforded by former sections 18162.5 and 17063.11. The substantive issues are not germane to the issue raised by the petition.